**INTERNATIONAL SOCIETY FOR KRISHNA CONSCIOUSNESS OF CALIFORNIA INC., a California non-profit, religious corporation; Emil**

---

* This panel unanimously finds this case suitable for decision without oral argument. See Fed. R.App. P. 34(a)(2).

Beca, one of its individual members; Committee for Human Rights in Iran, a California public benefit corporation; Reza Nabati, one of its individual members, Plaintiffs—Appellees,

v.

CITY OF LOS ANGELES, a California Municipal Corporation; Stephen Yee, Airport Manager; Gilbert A. Sandoval, Chief of Airport Police, Defendants—Appellants.

No. 01–56579.

D.C. No. CV–97–03616–CBM.

United States Court of Appeals, Ninth Circuit.

Argued and Submitted Dec. 2, 2002.

Decided March 21, 2003.

Before BROWNING, KOZINSKI and WARDLAW, Circuit Judges.

### ORDER *

Appellees are religious and charitable groups who solicit funds at Los Angeles International Airport. The district court enjoined appellant City of Los Angeles from enforcing an ordinance that would have restricted appellees' activities, concluding that it violated the Liberty of Speech Clause of the California Constitution. Cal. Const. art. I, § 2(a).

This case involves California plaintiffs and California defendants who disagree primarily over whether a California municipal ordinance violates the California Constitution. While we express no view whether appellees' federal claims were sufficient to support the district court's invocation of the principle of federal constitutional avoidance, we think it fair to say that the case raises "state law questions that present significant issues ... with important public policy ramifications." *Kremen v. Cohen,* 314 F.3d 1127, 1129 (9th Cir.2003). Whether the Liberty of Speech Clause of the California Constitution should be interpreted more expansively than the federal First Amendment in a context implicating substantial state police power interests is a question that would benefit from consideration by the state judiciary. Accordingly, we intend to certify this case to the California Supreme Court. *See* Cal. Rules of Court 29.8.

The district court entered judgment on August 2, 2001. Appellants ask us to take judicial notice of news articles describing the transformative impact of the September 11, 2001, terrorist attacks on airport administration. Appellees note that our review of a district court's decision is generally limited to the record. *See Barilla v. Ervin,* 886 F.2d 1514, 1521 n. 7 (9th Cir. 1989). But no assistance from news articles is necessary to appreciate the obvious fact that airport security needs are not what they used to be. *See* Fed.R.Evid. 201(b)(1), (f). In our view, the California Supreme Court would substantially benefit from a record that reflects current reality.

We therefore REMAND to the district court for the limited purpose of allowing the parties to move to supplement the record with admissible evidence that would aid the California Supreme Court in its

* This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as provided by Ninth Circuit Rule 36–3.

deliberations. The Request for Judicial Notice is DENIED as moot. This panel retains jurisdiction.