**FOR PUBLICATION**

# UNITED STATES COURT OF APPEALS
# FOR THE NINTH CIRCUIT

INTERNATIONAL SOCIETY FOR
KRISHNA CONSCIOUSNESS OF
CALIFORNIA INC., a California
nonprofit, religious corporation;
EMIL BECA, one of its individual
members; COMMITTEE FOR HUMAN
RIGHTS IN IRAN, a California public
benefit corporation; REZA NABATI,
one of its individual members,
            *Plaintiffs-Appellees,*

v.

CITY OF LOS ANGELES, a California
Municipal Corporation; STEPHEN
YEE, Airport Manager; GILBERT A.
SANDOVAL, Chief of Airport Police,
            *Defendants-Appellants.*

No. 01-56579

D.C. No.
CV-97-03616-CBM
Central District
of California,
Los Angeles

ORDER
CERTIFYING A
DETERMINATIVE
QUESTION OF
LAW TO THE
CALIFORNIA
SUPREME COURT

Filed June 9, 2008

Before: Harry Pregerson, Stephen S. Trott, and
Richard A. Paez, Circuit Judges.

## ORDER

   We certify the question set forth in Part II of this order to
the California Supreme Court. The answer to the certified
question depends upon California law. The California
Supreme Court's answer will be determinative of the appeal
presently before us. We find no clear controlling precedent in
the decisions of the California Supreme Court. We therefore
respectfully request that the California Supreme Court answer

6475

the question presented below. If the court declines certification, we will "predict as best we can what the California Supreme Court would do in these circumstances." *See Pacheco v. United States*, 220 F.3d 1126, 1131 (9th Cir. 2000).

## I.    CAPTION AND COUNSEL

A.    The caption of the case is:

No. 01-56579
INTERNATIONAL SOCIETY FOR KRISHNA CONSCIOUSNESS OF CALIFORNIA, INC., EMIL BECA, COMMITTEE FOR HUMAN RIGHTS IN IRAN, and REZA NABATI,
Plaintiffs-Appellees,

v.

CITY OF LOS ANGELES, STEPHEN YEE, and GILBERT A. SANDOVAL,
Defendants-Appellants.

B.    The names and addresses of counsel for the parties are:

*For Plaintiffs-Appellees*: David M. Liberman, Law Offices of David M. Liberman, 9709 Venice Blvd., #4, Los Angeles, California 90034; Barry A. Fisher, Fleishman & Fisher, 1925 Century Park East, Suite 2000, Los Angeles, California 90067.

*For Defendants-Appellants*: Rockard J. Delgadillo, Kelly Martin, D. Timothy Daze, City Attorney's Office, One World Way, P.O. Box 92216, Los Angeles, California 90009; John M. Werlich, Law Offices of John M. Werlich, 1563 Shadowglen Court, Westlake Village, California 91361.

C.   The designation of party to be deemed petitioner:

If the request for certification is granted, the Defendants-Appellants should be deemed the petitioners in the California Supreme Court.

## II.   CERTIFIED QUESTION

The dispositive question of state law to be answered is: Is Los Angeles International Airport a public forum under the Liberty of Speech Clause of the California Constitution?

Our phrasing of the question should not restrict the California Supreme Court's consideration of the issues involved. "We will accept the decision of the California Supreme Court, which is the highest authority on the interpretation of California law." *Grisham v. Philip Morris U.S.A.*, 403 F.3d 631, 634 (9th Cir. 2005) (per curiam) (noting that the Ninth Circuit is bound to follow the holdings of the California Supreme Court when applying California law).

## III.   STATEMENT OF FACTS

This case centers on whether Los Angeles International Airport is a public forum under the California Constitution.

Section 23.27(c)[1] of the Los Angeles Administrative Code

---

[1]The challenged provision became effective on May 15, 1997, as section 23.27(c) of the Los Angeles Administrative Code. Effective June 19, 2000, however, section 23.27 of the Los Angeles Administrative Code was deleted and transferred to section 171.02 of the Los Angeles Municipal Code. *See* L.A., Cal., Admin Code § 23.27, *available at* http://www.amlegal.com/los_angeles_ca/; *L.A., Cal., Mun. Code § 171.02, available at* http://www.amlegal.com/los_angeles_ca/. Nevertheless, we follow the practice of the parties and generally refer to the provision challenged in this case as "section 23.27(c)." It provides in relevant part:

(c)(1)  No person shall solicit and receive funds inside the airport terminals at the Airport.

prohibits any person from soliciting and immediately receiving funds at Los Angeles International Airport ("LAX") inside the terminals, parking areas and on the sidewalks adjacent to the parking areas or airport terminals. On May 13, 1997, the International Society for Krishna Consciousness ("ISKCON") brought suit against the City of Los Angeles ("City") in the Central District of California, alleging that section 23.27(c) violates California's Liberty of Speech Clause and the First Amendment of the United States Constitution. (Dist. Ct. Case. No. CV 97-03616).

The Honorable John G. Davies was assigned to the case. On May 26, 1998, Judge Davies granted ISKCON's motion for summary judgment and denied the City's cross-motion for

---

(2) No person shall solicit and receive funds in the parking areas at the Airport.

(3) No person shall solicit and receive funds on the sidewalks adjacent to the airport terminals or the sidewalks adjacent to the parking areas at the Airport.

(4) Subdivisions (c)(1), (c)(2), and (c)(3) apply only if the solicitation and receipt of funds is conducted by a person to or with passers-by in a continuous or repetitive manner. Nothing herein is intended to prohibit the distribution of flyers, brochures, pamphlets, books, or any other printed or written matter as long as such distribution is not make with the intent of immediately receiving funds, as defined in Subdivision (c)(5), at the locations referred to in (c)(1), (c)(2), or (c)(3).

(5) "Solicit and receive funds" means any written or oral request for (A) the donation of money, alms, property or anything else of value, or, (B), the pledge of a future donation of money, alms, property, or anything else of value, or, (C) the sale or offering for sale of any property upon the representation, express or implied, that the proceeds of such sale will be used for a charitable or religious purpose.

(6) If any provision of Sec. [23.27(c)] is declared invalid, the validity of any other provision contained in Sec. [23.27(c)] shall remain in effect.

summary judgment. Judge Davies exercised supplemental jurisdiction over ISKCON's state law claim and found LAX to be a public forum under California's "basic incompatibility" test. Judge Davies held that because section 23.27(c) singled out solicitation, it amounted to an impermissible content-based restriction under California's Liberty of Speech Clause.

On June 26, 1998, the City filed its first Notice of Appeal to the Ninth Circuit (No. 98-56215). The court stayed briefing in No. 98-56215 pending the results of a Request for Certification to the California Supreme Court in *Los Angeles Alliance for Survival v. City of Los Angeles*, 157 F.3d 1162 (9th Cir. 1998) ("*Alliance I*"). In *Alliance I*, we asked the California Supreme Court whether an ordinance that focuses on the public solicitation of funds should be considered content discriminatory under California's Liberty of Speech Clause. On March 2, 2000, the California Supreme Court answered that question in *Los Angeles Alliance for Survival v. City of Los Angeles*, 993 P.2d 334 (Cal. 2000) ("*Alliance II*"). The *Alliance II* court held that ordinances that single out the public solicitation of funds for distinct treatment should not be viewed as content-based under California's Liberty of Speech Clause. *Id.* at 357. Accordingly, we vacated Judge Davies's summary judgment order in favor of ISKCON in case No. 98-56215 and remanded the case for further proceedings consistent with *Alliance II*.

Upon remand, the matter was reassigned to the Honorable Consuelo B. Marshall.[2] On August 2, 2001, the district court again granted summary judgment in favor of ISKCON and against the City. Like Judge Davies, Judge Marshall evaluated the constitutionality of the ordinance under California law and found LAX to be a public forum under California's "basic incompatibility" test. *Int'l Soc'y for Krishna Consciousness of Cal., Inc. v. City of L.A.*, No. CV 97-03616, 2001 WL 1804795 (C.D. Cal. Aug. 2, 2001). Judge Marshall then deter-

---

[2]Judge Davies retired in the interim.

mined that section 23.27(c) was not a reasonable time, place, and manner restriction on the solicitation of funds at LAX. Because Judge Marshall found section 23.27(c) unconstitutional under California law, she declined to engage in a First Amendment analysis to determine whether it was constitutional under federal law.

On August 29, 2001, the City filed its second Notice of Appeal to the Ninth Circuit. (No. 01-56579 — the instant appeal.) A Ninth Circuit panel ("original panel") was assigned to the case.

Two weeks later, the events of 9/11 transpired.

On January 31, 2002, the City submitted various filings to our court, including a Motion for Certification to the California Supreme Court on the following question of law: "Is a municipally owned airport a public forum under California's Liberty of Speech Clause?" A motions panel denied the City's certification motion on April 15, 2002. Our docket notes that the motion was denied pursuant to the "panel's discretion."

On December 2, 2002, the original panel heard argument in this case. The panel asked the parties to discuss the certification question again during oral argument. The panel granted ISKCON's oral request to provide the court with supplemental briefing. ISKCON filed a supplemental brief on December 12, 2002, and the City filed a response to ISKCON's supplemental brief on January 22, 2003.

While the parties awaited the panel's decision, the City enacted section 171.07 of the Los Angeles Municipal Code — a new ordinance addressing the solicitation of funds at LAX. Section 171.07 became effective on December 16, 2002 and remains in effect today. It allows organizations to apply for a permit to "solicit and receive funds" in certain "locations assigned in a written permit by [LAX's] General Manager." L.A., Cal., Mun. Code § 171.07(B)(1)-(B)(2). It explicitly

states that "provisions of this ordinance are . . . temporary and provisional *pending the outcome of litigation challenging [L.A. Admin. Code § 23.27(c)]*."**[3]** *Id.* § 171.07(G)(1) (emphasis added).

In light of the passage of section 171.07, ISKCON filed a new suit in the Central District of California on January 13, 2003. (District Court Case No. CV 03-00293.). ISKCON's new suit challenged the constitutionality of section 171.07 under both the California and federal constitutions. The suit was transferred to Judge Marshall because it related to No. CV 97-03616.

On March 21, 2003, the original Ninth Circuit panel issued an order in this case (No. 01-56579).**[4]** The panel's order stated:

> This case involves California plaintiffs and California defendants who disagree primarily over whether a California municipal ordinance violates the California Constitution. While we express no view whether appellees' federal claims were sufficient to support the district court's invocation of the principle of federal constitutional avoidance, we think it fair to say that the case raises "state law questions that present significant issues . . . with important public policy ramifications." *Kremen v. Cohen*, 314 F.3d 1127, 1129 (9th Cir. 2003). *Whether the Liberty of Speech Clause of the California Constitution should be interpreted more expansively than the federal First Amendment in a context implicating substantial state police power interests is a question that would benefit from consideration by the state*

---

**[3]**This limiting clause is the reason that this appeal, No. 01-56579, is not moot.

**[4]**It does not appear that the panel was informed of the enactment of section 171.07 before the panel issued its March 21, 2003 Order.

> *judiciary. Accordingly, we intend to certify this case to the California Supreme Court.*

*Int'l Soc'y for Krishna Consciousness of Cal., Inc. v. City of L.A.*, 59 F. App'x 974 (9th Cir. 2003) (unpublished order) (emphasis added). The panel remanded the case to the district court for the limited purpose of allowing the parties to supplement the record with post-9/11 evidence that would aid the California Supreme Court in its deliberations. *Id.*

In the meantime, ISKCON moved for a preliminary injunction in CV 03-00293. On April 28, 2003, Judge Marshall granted ISKCON's motion under *federal law*. Judge Marshall declined ISKCON's request to apply state law because the original Ninth Circuit panel in this appeal had just stated in its March 21, 2003 Order that it intended to certify the state law issue to the California Supreme Court. Accordingly, Judge Marshall declined to exercise supplemental jurisdiction over the state law claim, dismissed the state law claim from the suit, and applied federal law to ISKCON's motion.

In the following years, the parties engaged in extensive discovery in both cases. The parties eventually filed cross-motions for summary judgment in CV-03-00293. On September 18, 2006, Judge Marshall granted summary judgment for the City and denied summary judgment for ISKCON. Relying on the Supreme Court's 1992 decision in *International Society for Krishna Consciousness, Inc. v. Lee*, 505 U.S. 672 (1992), Judge Marshall held that LAX is a non-public forum. Judge Marshall then determined that section 171.07 is reasonable and constitutionally valid.

On November 16, 2006, ISKCON appealed Judge Marshall's ruling in CV-03-00293 (No. 06-56660 — the related appeal). Appeal No. 06-56660 was referred to the original Ninth Circuit panel. On December 1, 2006, the original panel ordered the parties to apprise them of the status of the supplemental record in CV-97-03616 and requested briefing as to

whether the two related cases, Nos. 01-56579 and 06-56660, should be consolidated.

After reviewing the parties' initial status reports, the original panel issued an order on December 28, 2006 stating that: (1) No. 01-56579 was withdrawn from consideration; (2) No. 01-56579 should be grouped as a related case with 06-56660; and (3) the parties must submit a Joint Status Report no later than March 1, 2007 to inform the court whether the two appeals should be consolidated. The order further stated that whether or not the appeals were consolidated, they should be assigned in the normal course to the same randomly-drawn panel. Finally, the order stated that all further motions should be referred to the motions panel, or, if a new merits panel were assigned, to the merits panel.

On February 28, 2007, the parties filed a Joint Status Report for Appeal No. 01-56579. On April 6, 2007, the Ninth Circuit issued an order stating that "pursuant to the parties' status report, [Nos. 01-56579 and 06-56660] shall not be consolidated." The order further stated, however, that the cases should be heard by the same merits panel. The order also permitted the parties to file replacement briefs and supplemental excerpts of record in the 01-56579 appeal.

The parties' replacement briefs and supplemental excerpts were filed in the summer of 2007. These documents primarily address the changes made to LAX as a result of 9/11. We heard argument on the replacement briefs in both appeals on December 4, 2007.

## IV.   EXPLANATION OF OUR REQUEST FOR CERTIFICATION

We turn to the question that compels our certification order: Is Los Angeles International Airport a public forum under the Liberty of Speech Clause of the California Constitution? We certify this question because we conclude that there

is no clear controlling precedent on this issue, and because the answer given by the California Supreme Court will be determinative of the appeal pending before us. *See* Cal. Rules of Court 8.548(a). We also certify this question due to the unique procedural history of this case.

"It is well-established that [federal] court[s] should avoid adjudication of federal constitutional claims when alternative state grounds are available . . . even when the alternative ground is one of state constitutional law." *Hewitt v. Joyner*, 940 F.2d 1561, 1565 (9th Cir. 1991). When "the state constitutional provisions are co-extensive with related federal constitutional provisions, we may decide the federal constitutional claims because that analysis will also decide the state constitutional claims." *Vernon v. City of L.A.*, 27 F.3d 1385, 1391-92 (9th Cir. 1994). However, when the state provisions offer more expansive protection than the federal constitution, we should first address the state constitutional claim in order to avoid unnecessary consideration of the federal constitutional claim. *Id.* at 1392.

Article I, section 2, subdivision (a) of the California Constitution provides: "Every person may freely speak, write and publish his or her sentiments on all subjects, being responsible for the abuse of this right. A law may not restrain or abridge liberty of speech or press." Most state constitutions have similarly worded provisions, and courts frequently have observed that the language of those provisions is broader than that of the freedom of speech provision of the First Amendment.[5] *See, e.g.*, *Alliance II*, 993 P.2d at 342 & nn. 10-11 (citing cases). The California Supreme Court has likewise "indicated that the California Liberty of Speech Clause is generally broader and more protective than the free speech clause of the First Amendment." *Id.*; *see also Fashion Valley Mall, LLC v. NLRB*, 172 P.3d 742, 749 (Cal. 2007) ("It is beyond perad-

---

[5]The First Amendment provides: "Congress shall make no law . . . abridging the freedom of speech." U.S. Const. amend I.

venture that article I's free speech clause enjoys existence and force independent of the First Amendment's . . . [T]he California Constitution is now, and has always been, a document of independent force and effect particularly in the area of individual liberties. As a general rule, article I's free speech clause and its right to freedom of speech are not only as broad and as great as the First Amendment's, they are even broader and greater.") (internal citations, quotation marks, and alterations omitted).

Since the California Supreme Court decided *In re Hoffman*, 434 P.2d 353 (Cal. 1967), California courts have developed an extensive body of case law addressing whether the government regulation of speech in certain locations violates the Liberty of Speech Clause. Under California law, if the location is a "public forum," the regulation on speech must be reasonable in time, place, and manner. If the location is a "nonpublic forum," the regulation on speech need only survive a more lenient inquiry.

Although this "forum" terminology is derived from First Amendment law, the California courts have developed their own criteria for determining whether a location is a public forum under the California constitution. Nonetheless, there is still some confusion about how properly to articulate California's public forum test. For example, in *Carreras v. City of Anaheim*, our court stated that "the test under California law is whether the communicative activity 'is basically incompatible with the normal activity of a particular place at a particular time.'" 768 F.2d 1039, 1045 (9th Cir. 1985) (quoting *Prisoners Union v. Cal. Dep't of Corrs.*, 185 Cal. Rptr. 634, 639 (Cal. Ct. App. 1982), *abrogated on other grounds as recognized in Kuba v. 1-A Agric. Ass'n*, 387 F.3d 850, 857 n.8 (9th Cir. 2004)). More recently, the California Supreme Court explained that a shopping mall is a public forum because it is analogous to other spaces that have "immemorially been held in trust for the use of the public and, time out of mind, have been used for purposes of assembly, communicating thoughts

between citizens, and discussing public questions." *Fashion Valley Mall*, 172 P.3d at 745-46 (internal quotation marks omitted). Finally, other California cases focus more on the degree of access the public has to the property. *See, e.g.*, *Golden Gateway Ctr. v. Golden Gateway Tenants Ass'n*, 29 P.3d 797, 810 (Cal. 2001) (holding that a privately owned retail and residential apartment complex was "not the functional equivalent of a traditional public forum" because access to the complex was "carefully limit[ed]").

Thus, how to articulate California's public forum test, and how that test differs from its federal counterpart, are not abundantly clear. But regardless of the test's precise wording, it is undisputed that California courts tend to take a more expansive approach than federal courts in deciding whether a particular location qualifies as a public forum. *See, e.g.*, *Carreras*, 768 F.2d at 1044, n.7 (citing several cases in which the California courts have interpreted the California Liberty of Speech Clause to provide greater protection for expressive activity than does the First Amendment).

However, the California Supreme Court has never squarely addressed whether an airport's terminals, sidewalks, or parking lots are public fora under the Liberty of Speech Clause of the California Constitution.[6] By contrast, the United States Supreme Court has determined that an airport terminal is *not* a public forum under the First Amendment. *See Lee*, 505 U.S. 672 (1992) (holding that an airport terminal operated by a public authority is a non-public forum, and thus a ban on solicitation need only satisfy a reasonableness standard). Notably, *Lee* was decided over nine years before the events of 9/11 caused airports around the world to increase their security measures and to restrict general access to certain

---

[6]In *People v. Fogelson*, 577 P.2d 677 (Cal. 1978), the California Supreme Court held that a licensing ordinance that regulated solicitation at LAX was facially unconstitutional on vagueness grounds. The court did not engage in a public forum analysis.

areas of their terminals. Accordingly, we are not certain how the California Supreme Court would apply California's public forum doctrine to the restrictions on solicitation at LAX.

We conclude that the potential conflict between the application of the First Amendment and the California Constitution regarding freedom of speech at California's airports is one that the California Supreme Court should have the opportunity to address and resolve. As the original panel noted, "[t]his case involves California plaintiffs and California defendants who disagree primarily over whether a California municipal ordinance violates the California Constitution." Given the complexity of California's public forum doctrine, the Supreme Court's 1992 decision in *Lee*, and the changes made at LAX and other state airports following the events of 9/11, we agree with the original panel that this case is appropriate for certification. We further note that the parties operated on the assumption that this case would be certified when they engaged in extensive supplemental discovery from 2003 to 2006. Moreover, Judge Marshall operated on that assumption when she declined to exercise supplemental jurisdiction over the California claim in case No. CV 03-00293 (No. 06-56660 on appeal).

For these reasons, we submit this request for certification.

## V.   ACCOMPANYING MATERIALS

The clerk of this court is hereby directed to file in the California Supreme Court, under official seal of the United States Court of Appeals for the Ninth Circuit, copies of all relevant briefs and excerpts of record, and an original and ten copies of this request with a certificate of service on the parties, pursuant to California Rules of Court 8.548(c), (d).

Further proceedings before us are stayed pending the California Supreme Court's decision whether it will accept certification, and if so, our receipt in due course of the answer to the

certified question of California law. This case is withdrawn from submission until further order of this court. The panel will resume control and jurisdiction of this case upon receiving a decision from the California Supreme Court or upon that court's decision to decline to answer the certified question. The parties shall file a joint report informing this court of whether the California Supreme Court has accepted the certified question, after that determination is made. If the California Supreme Court accepts the certified question, the parties shall file a joint status report to our court every six months after the date of acceptance, or more frequently if circumstances warrant.

**IT IS SO ORDERED.**

PRINTED FOR
ADMINISTRATIVE OFFICE—U.S. COURTS
BY THOMSON REUTERS/WEST—SAN FRANCISCO

The summary, which does not constitute a part of the opinion of the court, is copyrighted
© 2008 Thomson Reuters/West.