Juan Pablo **ZEGARRA–GOMEZ,**
Petitioner–Appellant,

v.

**IMMIGRATION AND NATURALIZATION SERVICE,** Respondent–Appellee.

No. 01–57021.

United States Court of Appeals,
Ninth Circuit.

Argued and Submitted Sept. 13, 2002.

Filed Jan. 2, 2003.

Carlos Vellanoweth and John Wolfgang Gehart, Vellanoweth and Gehart, Los Angeles, CA, for the petitioner-appellant.

Alarice M. Medrano, United States Attorney's Office, Los Angeles, CA, for the respondent-appellee.

Before SCHROEDER, Chief Judge, W. FLETCHER, Circuit Judge, and WEINER, District Judge.*

WEINER, District Judge.

In *Miranda v. Reno*, 238 F.3d 1156, 1158–59 (9th Cir.2001), we held that a petitioner who has already been deported cannot avail himself of habeas corpus jurisdiction because he is no longer "in custody," as that term is used in 28 U.S.C. § 2241, when he files his petition. Today, we hold that where an alien habeas petitioner is deported *after* he files his petition, the fact of his deportation does not render the habeas petition moot where there are collateral consequences arising from the deportation that create concrete legal disadvantages. Accordingly, we remand the petition to the district court.

I

Juan Pablo Zegarra–Gomez, a native of Peru, immigrated to the United States in 1984. In 1990, he was convicted in California state court of assault with the intent to commit rape and sentenced to four years imprisonment. In 1993, he was convicted in state court on a charge of perjury that was unrelated to his assault case and sentenced to two years imprisonment. In 1995, the Immigration and Naturalization Service filed an Order to Show Cause alleging Zegarra–Gomez's deportability as an aggravated felon under the Immigration and Nationality Act, 8 U.S.C. § 1101(a)(43)(F), and, alternatively, for having been convicted of two crimes involving moral turpitude, 8 U.S.C. § 1251(a)(2)(A)(ii).

Zegarra–Gomez sought relief from deportation under § 212(h) of the INA, 8 U.S.C. § 1182(h), but expressly waived relief under § 212(c), 8 U.S.C. § 1182(c), apparently because his counsel incorrectly thought such relief was unavailable. The Immigration Judge denied the § 212(h) relief and ordered Zegarra–Gomez deported. The Bureau of Immigration Appeals affirmed the deportation order and a warrant of removal/deportation was issued on July 28, 1999.

Zegarra–Gomez filed his habeas petition on July 19, 2000. On September 7, 2000, the INS filed a Notice of Intent to remove him. The next day his counsel filed a motion for stay of deportation in the district court. The motion was denied by order of October 6, 2000. The district court found that Zegarra–Gomez had failed to show reasonable probability of success on the merits of the habeas petition or that serious legal questions were raised. The court found that the "motion is devoid of any discussion of the merits of the underlying Petition, and provides an inadequate discussion of the legal theories advanced in the Petition." The court also found that the motion failed to provide any information upon which to determine whether Zegarra–Gomez was entitled to § 212(c) relief, or qualified under the INS moratorium on deportation of certain aliens who may qualify for § 212(c) relief. No appeal was filed from his order. Zegarra–Gomez was deported from the United States on April 24, 2001.

---

* Honorable Charles R. Weiner, Senior United States District Judge for the Eastern District of Pennsylvania, sitting by designation.

## II

■■■■ We review de novo the district court's dismissal of a habeas petition on the ground of mootness. *Ruiz v. City of Santa Maria*, 160 F.3d 543, 548 (9th Cir. 1998). Mootness is "the doctrine of standing set in a time frame." *Friends of the Earth, Inc. v. Laidlaw Envtl. Servs., Inc.*, 528 U.S. 167, 189, 120 S.Ct. 693, 145 L.Ed.2d 610 (2000) (quoting *Arizonans for Official English v. Ariz.*, 520 U.S. 43, 68 n. 22, 117 S.Ct. 1055, 137 L.Ed.2d 170 (1997)). To present a live case or controversy, and thus avoid dismissal on the ground of mootness, "the parties must continue to have a 'personal stake in the outcome' of the lawsuit." *Lewis v. Cont'l. Bank Corp.*, 494 U.S. 472, 478, 110 S.Ct. 1249, 108 L.Ed.2d 400 (1990) (quoting *Los Angeles v. Lyons*, 461 U.S. 95, 101, 103 S.Ct. 1660, 75 L.Ed.2d 675 (1983)).

In *Spencer v. Kemna*, 523 U.S. 1, 118 S.Ct. 978, 140 L.Ed.2d 43 (1998), the Supreme Court held in the criminal habeas context that a petitioner's release from prison did not moot his petition because he was no longer "in custody." The court found

> Spencer was incarcerated by reason of the parole revocation at the time the petition was filed, which is all the "in custody" provision of 28 U.S.C. § 2254 requires. See *Carafas v. LaVallee*, 391 U.S. 234, 238, 88 S.Ct. 1556, 20 L.Ed.2d 554 (1968); *Maleng v. Cook*, 490 U.S. 488, 490–91, 109 S.Ct. 1923, 104 L.Ed.2d 540 (1989) (per curiam). The more substantial question, however, is whether petitioner's subsequent release caused the petition to be moot because it no longer presented a case or controversy under Article III, § 2, of the Constitution.

*Spencer*, 523 U.S. at 7, 118 S.Ct. 978. The court went on to discuss the case or controversy requirement in the criminal context, determining that "[o]nce the convict's sentence has expired, however, some concrete and continuing injury other than the now-ended incarceration or parole—some 'collateral consequence' of the conviction—must exist if the suit is to be maintained." *Id.* Additionally, these collateral consequences cannot be presumed. *Id.* at 14, 118 S.Ct. 978 (citing *Lane v. Williams*, 455 U.S. 624, 102 S.Ct. 1322, 71 L.Ed.2d 508 (1982)). Finally, the *Spencer* court held that arguments such as that petitioner's parole revocation could be used to his detriment in future parole proceedings, to increase a future sentence, or as impeachment or prior criminal activity evidence, were all insufficient to demonstrate collateral consequences so as to maintain the habeas petition. *Id.* at 15–16, 118 S.Ct. 978.

In the immigration habeas context, at least two courts of appeal have held that a deportation subsequent to the filing of the petition in habeas corpus did not deprive the courts of jurisdiction or moot the petition. In *Chong v. INS*, 264 F.3d 378 (3d Cir.2001), the Third Circuit held that, as Chong was in custody on the date her petition was filed, jurisdiction was not defeated by her subsequent deportation. On the mootness issue, the court held that "Chong must show that the standing she apparently had when she filed her habeas petition continues to exist now.... Thus, Chong must show that she has suffered, or is threatened with, an actual injury traceable to the INS that is likely to be redressed by a favorable decision." *Id.* at 383–84. Applying *Spencer*'s "some collateral consequence" test, the Third Circuit found that Chong's statutory inability to return to the United States for ten years, see 8 U.S.C. § 1182(a)(9)(A)(ii), created sufficient collateral consequences of the deportation to prevent the case from being moot. 264 F.3d at 385.

Similarly in *Smith v. Ashcroft*, 295 F.3d 425 (4th Cir.2002), the Fourth Circuit agreed with *Chong* that where the habeas petition was filed prior to deportation, continued jurisdiction was not affected thereby. The court went on to hold that since Smith "is unmistakably affected by the legal implications of our decision," it had not lost jurisdiction over Smith's appeal. *Id.* at 428.[1]

We also agree that the case or controversy requirement is satisfied where the petitioner is deported, so long as he was in custody when the habeas petition was filed and continues to suffer actual collateral consequences of his removal. Since the administrative determination that petitioner was an aggravated felon renders him ineligible to seek cancellation of removal for twenty years, *see* 8 U.S.C. § 1182(a)(9)(A)(ii), the record before the district court was sufficient to demonstrate that collateral consequences arising from Zegarra–Gomez's deportation could sustain the continuation of his habeas petition. We note that while the magistrate judge's report and recommendation, which was accepted by the district court, discussed the issue of collateral consequences, it did so only in terms of those consequences arising from Zegarra–Gomez's *conviction*, i.e., the deprivations of the right to vote, hold office or serve on a jury, concluding that since Zegarra–Gomez was never a citizen he suffered no collateral consequences. The magistrate judge, however, never discussed the obvious collateral consequence

arising from Zegarra–Gomez's *deportation*, i.e., the inability to seek to return to the United States for twenty years. As his inability to return is a concrete disadvantage imposed as a matter of law, the fact of his deportation did not render the pending habeas petition moot. Accordingly, we will remand the petition for further consideration.

REMANDED.

---

1. A third decision, *Tapia Garcia v. I.N.S.*, 237 F.3d 1216 (10th Cir.2001), reaches the same conclusion and is cited for support by the *Chong* court. Although the *Tapia Garcia* court states that its appellant was currently residing in Mexico, *see id.* at 1217, it does not specifically state whether Tapia Garcia was deported or voluntarily departed. The court explained that "[h]istorically, the narrowest approach to collateral consequences recognized only 'concrete disadvantages or disabili-

ties that had in fact occurred, that were imminently threatened, or that were imposed as a matter of law (such as deprivation of the right to vote, to hold office, to serve on a jury, or to engage in certain businesses).' ... [Tapia Garcia's] inability to reenter and reside legally in the United States with his family is a collateral consequence of his deportation because it is clearly a concrete disadvantage imposed as a matter of law." *Id.* at 1218 (internal citation omitted).