**Antonio MEDINA–MUNOZ, Petitioner—Appellant,**

v.

**BUREAU OF IMMIGRATION AND CUSTOMS ENFORCEMENT (ICE), Seattle District Director; A. Neil Clark, Seattle Field Office Director BICE, Respondents—Appellees,**

**Alberto R. Gonzales, Attorney General, Respondent.**

No. 05–35320.

United States Court of Appeals, Ninth Circuit.

Argued and Submitted April 5, 2006.

Filed April 24, 2006.

Glen A. Prior, Esq., Pacific Law Inc., P.S., Fife, WA, for Petitioner—Appellant.

Christopher Lee Pickrell, Esq., Brian C. Kipnis, Esq., USSE—Office of the U.S. Attorney, Seattle, WA, for Respondents—Appellees and Respondent.

Before: CANBY, GOULD, and BEA, Circuit Judges.

### MEMORANDUM *

■ Antonio Medina–Munoz (Medina), a native and citizen of Mexico, filed a Petition for Writ of Habeas Corpus on August 20, 2004, seeking a stay of removal. Under the REAL ID Act of 2005, Pub.L. No. 109–13, 119 Stat. 231 (2005), we construe Medina's appeal as a petition for review of a final decision of the Board of Immigration Appeals (BIA),[1] and review the BIA's orders, rather than the district court's decision.[2] *Alvarez–Barajas v. Gonzales*, 418

---

\* This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as provided by 9th Cir. R. 36–3.

1. To the extent that Medina's habeas petition sought to precipitate action by the Department of Homeland Security on the request to re-validate the visa petition of Medina's wife, the petition is moot because that relief has been granted.

2. Construing this appeal as a petition for review, we "decide the petition only on the administrative record on which the order of removal is based." 8 U.S.C. § 1252(b)(4)(A). The Government's motion to enlarge the record is denied.

F.3d 1050, 1053 (9th Cir.2005). Because we view Medina's appeal as a petition for review, his removal to Mexico does not moot his petition for review of the removal order. *See Zegarra–Gomez v. INS,* 314 F.3d 1124, 1127 (9th Cir.2003).

In reviewing orders of the BIA, we consider only the grounds invoked by the agency in denying relief. *SEC v. Chenery Corp.,* 332 U.S. 194, 196, 67 S.Ct. 1575, 91 L.Ed. 1995 (1947). In his removal proceedings, Medina sought to adjust his status based on an approved relative visa petition submitted by his father-in-law. The BIA noted that the death of Medina's father-in-law automatically revoked the approval of the relative visa petition. In his motion to reopen, Medina argued that the Family Sponsor Immigration Act of 2002, Pub.L. No. 107–150, 16 Stat. 74 (March 13, 2002), allowed him to find a substitute sponsor to act in place of the deceased father-in-law. The BIA denied relief because reinstating the deceased father-in-law's visa petition was a discretionary matter within the jurisdiction of the Department of Homeland Security (DHS). Because the petition had not been reinstated, the BIA concluded that Medina was not eligible for adjustment of status.

Medina argues that the DHS should have re-validated Medina's deceased father-in-law's visa petition. To the extent that Medina asks us to review the DHS's discretionary determination not to re-validate the visa petition, we lack jurisdiction to consider that request. *See* 8 U.S.C. § 1252(a)(2)(B). Medina argues that because the DHS has since re-validated Medina's father-in-law's visa petition, Medina's right to apply for adjustment of status was a statutory right, not subject to the discretion of the DHS. The DHS's decision to re-validate Medina's father-in-law's visa petition is not part of the administrative record, and is not properly before us. 8 U.S.C. § 1252(b)(4)(A). And even if the DHS's decision is before us, it was not before the BIA. *See Gomez–Vigil v. INS,* 990 F.2d 1111, 1113 (9th Cir.1993) ("[A]s a court reviewing a final order of an administrative agency we are not permitted to consider evidence that was not before the immigration judge or the Board.").

Finally, Medina requests that "any time restrictions to file a motion to reopen with the Board should be equitably tolled or equitably estopped to allow Medina to file for adjustment of status at this time." But this request is not ripe because Medina has not yet filed a second motion to reopen. *See Chang v. United States,* 327 F.3d 911, 922 (9th Cir.2003). Also, to the extent that Medina contests the DHS's decision not to join in Medina's potential second motion to reopen, "[n]o relief or remedy is available if the request is made and the INS refuses to join in the motion." *Bolshakov v. INS,* 133 F.3d 1279, 1281–82 (9th Cir.1998).

**PETITION FOR REVIEW DISMISSED IN PART AND DENIED IN PART.**