**FOR PUBLICATION**

# UNITED STATES COURT OF APPEALS FOR THE NINTH CIRCUIT

NAHUM GONZALEZ,
                    *Petitioner,*

              v.

ERIC H. HOLDER JR., Attorney
General,
                    *Respondent.*

No. 05-74165

Agency No.
A031-086-033

ORDER

On Petition for Review of an Order of the
Board of Immigration Appeals

Submitted February 1, 2010*
Pasadena, California

Filed February 8, 2010

Before: Betty B. Fletcher, Harry Pregerson, and
Susan P. Graber, Circuit Judges.

---

## COUNSEL

Murray D. Hilts, San Diego, California, for the petitioner.

Joan E. Smiley, Office of Immigration Litigation, U.S.
Department of Justice, Civil Division, Washington, D.C., for
the respondent.

---

*The panel unanimously finds this case suitable for decision without
oral argument. Fed. R. App. P. 34(a)(2).

# ORDER

Petitioner Nahum Gonzalez filed a petition for review of a final administrative order of removal. Petitioner's wife and child are United States citizens. Petitioner sought, among other things, the right to apply for adjustment of status. Unfortunately, while this petition for review was pending, Petitioner died.

The issues raised in Petitioner's opening brief concern only his right to remain in the country and his right to apply for certain forms of relief from removal. We have examined the record and have determined that there are no collateral consequences of those claims, and neither Petitioner's counsel nor the government has asserted that any collateral consequences exist. In these circumstances, Petitioner's death has rendered the case moot. *See McAllister v. Attorney General of the U.S.*, 444 F.3d 178, 184 (3d Cir. 2006) (dismissing as moot a petition for review where the petitioner died); *Zegarra-Gomez v. INS*, 314 F.3d 1124, 1127 (9th Cir. 2003) (holding that a petition for review is not moot if the petitioner "continues to suffer actual collateral consequences of his removal"); *see also Spencer v. Kemna*, 523 U.S. 1, 7 (1998) (holding that, when a habeas petitioner is no longer incarcerated, the habeas petition is moot absent "collateral consequences"); *United States v. Oberlin*, 718 F.2d 894, 895 (9th Cir. 1983) ("Death pending appeal of a criminal conviction abates not only the appeal but all proceedings in the prosecution from its inception.").

Petition DISMISSED.