**NOT FOR PUBLICATION**

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

| | |
|---|---|
| YONG ZHONG ZHENG,<br><br>Petitioner,<br><br>v.<br><br>ERIC H. HOLDER, Jr., Attorney General,<br><br>Respondent. | No. 09-70723<br><br>Agency No. A070-011-754<br><br>MEMORANDUM[*] |

On Petition for Review of an Order of the
Board of Immigration Appeals

Submitted October 11, 2011[**]
Honolulu, Hawaii

Before: O'SCANNLAIN, TALLMAN, and M. SMITH, Circuit Judges.

The Board of Immigration Appeals ("BIA") affirmed the immigration judge

("IJ")'s rejection of Yong Zhong Zheng's applications for asylum and withholding

---

[*]    This disposition is not appropriate for publication and is not precedent
except as provided by Ninth Circuit Rule 36-3.

[**]    The panel unanimously concludes this case is suitable for decision
without oral argument.  *See* Fed. R. App. P. 34(a)(2).

of removal because his testimony was not credible.[1]  The facts are known to the

parties; we do not repeat them except as necessary.[2]

Because the BIA adopted the decision of the IJ pursuant to *Matter of*

*Burbano*, 20 I. & N. Dec. 872 (BIA 1994) without including any independent

analysis, we "look through the BIA's decision and treat the IJ's decision as the

final agency decision." *Tamang v. Holder*, 598 F.3d 1083, 1088 (9th Cir. 2010);

*see also Joseph v. Holder*, 600 F.3d 1235, 1239–40 (9th Cir. 2010).

The IJ applied the appropriate pre-REAL ID Act standard to determine

Zheng's credibility.  *Cf. Shrestha v. Holder*, 590 F.3d 1034, 1039 (9th Cir. 2010).

As such, we will uphold the IJ's credibility finding even if "some of the factors the

IJ relied upon are either unsupported or irrelevant, so long as one of the identified

grounds is supported by substantial evidence and goes to the heart of [Zheng's]

claim of persecution." *Li v. Ashcroft*, 378 F.3d 959, 964 (9th Cir. 2004) (internal

quotation marks omitted).

---

[1] Because Zheng waived his claim for protection under the U.N. Convention Against Torture before the IJ, it is not at issue in this appeal.

[2] Zheng's removal during the pendency of this appeal does not render his case moot because he is ineligible to return to the United States for a period of time.  8 U.S.C. § 1182(a)(9); *see also Zegarra-Gomez v. INS*, 314 F.3d 1124, 1127 (9th Cir. 2003) (discussing the collateral consequences exception to mootness).

During his prolonged journey through the U.S. immigration system, Zheng provided at least four different accounts of why he left China. These inconsistencies in "testimony about the events leading up to [Zheng's] departure" go to the heart of his claim as they "relate to the basis for his alleged fear of persecution." *Chebchoub v. INS*, 257 F.3d 1038, 1043 (9th Cir. 2001) (internal quotation marks omitted); *see also Li*, 378 F.3d at 960, 962–63. Zheng was given the opportunity to which he was entitled to explain these inconsistencies. *Soto-Olarte v. Holder*, 555 F.3d 1089, 1092 (9th Cir. 2009). However, the IJ's rejection of his explanation was supported by substantial evidence and represented "a legitimate application of common sense." *Jibril v. Gonzales*, 423 F.3d 1129, 1135 (9th Cir. 2005).

Without "candid, credible and sincere testimony," Zheng failed to show his eligibility for either asylum, *Mejia-Paiz v. INS*, 111 F.3d 720, 723 (9th Cir. 1997) (internal quotation marks omitted) or withholding of removal, *INS v. Cardoza-Fonseca*, 480 U.S. 421, 430 (1987).

**DENIED.**