**NOT FOR PUBLICATION**

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

FILED

FEB 04 2015

MOLLY C. DWYER, CLERK
U.S. COURT OF APPEALS

| | |
|---|---|
| UNITED STATES OF AMERICA, | No. 11-57240 |
| Plaintiff - Appellee, | D.C. Nos.  2:11-cv-03080-PA |
| | 2:07-cr-01276-PA-2 |
| v. | |
| CHRISTOPHER NDIAGU, | MEMORANDUM[*] |
| Defendant - Appellant. | |

Appeal from the United States District Court
for the Central District of California
Percy Anderson, District Judge, Presiding

Submitted February 2, 2015[**]
Pasadena, California

Before: D.W. NELSON, BYBEE, and IKUTA, Circuit Judges.

Christopher Ndiagu ("Ndiagu") appeals the district court's dismissal of his

motion to vacate, set aside or correct sentence filed pursuant to 28 U.S.C. § 2255

---

[*]    This disposition is not appropriate for publication and is not precedent except as provided by 9th Cir. R. 36-3.

[**]    The panel unanimously concludes this case is suitable for decision without oral argument.  *See* Fed. R. App. P. 34(a)(2).

1

("§2255 Motion") based on a claim of ineffective assistance of counsel. We have jurisdiction pursuant to 28 U.S.C. § 1291, and we affirm.

After being charged in a nine-count indictment in the district court, Ndiagu pleaded guilty to two counts: mail theft and identity theft under 18 U.S.C. §§ 1028A(a)(1), 1708. Prior to pleading guilty, Ndiagu alleges his attorney assured him that his resulting convictions would not render him mandatorily deportable and that an immigration judge could consider certain factors to grant him relief from deportation.

Ndiagu was sentenced to 30 months in custody followed by two years of supervised release. After completing his sentence, Ndiagu was immediately transferred into the custody of the Department of Homeland Security ("DHS") on December 21, 2009. On that date, Ndiagu was served with both a Notice to Appear ("NTA") and a Notice of Custody Determination ("NCD") from DHS. Ndiagu alleges that at a hearing before an immigration judge on January 6, 2011, he was informed for the first time that he was mandatorily deportable based on his convictions.

On March 9, 2011, Ndiagu filed his § 2255 Motion pro se in the district court. On November 30, 2011, the district court dismissed his § 2255 Motion as untimely.

Although not raised by either of the parties, we first consider our jurisdiction over this case. A petition for writ of habeas corpus under 28 U.S.C. § 2255 may only be filed by "[a] prisoner in custody." The "in custody" requirement is jurisdictional in nature and applies at the time the petition is filed. *United States v. Reves*, 774 F.3d 562, 564–65 (9th Cir. 2014). Although Ndiagu was no longer in federal prison when he filed his § 2255 Motion, he was still subject to a term of supervised release, which satisfies the "in custody" requirement. *Matus-Leva v. United States*, 287 F.3d 758, 761 (9th Cir. 2002). Additionally, because Ndiagu remains subject to the collateral consequence of removal, his case is not mooted by the fact that he is no longer "in custody." *Zegarra-Gomez v. I.N.S.*, 314 F.3d 1124, 1126 (9th Cir. 2003).

Under 28 U.S.C. § 2255(f)(4), the one-year statute of limitations for Ndiagu to file his § 2255 Motion began to run from "the date on which the facts supporting the claim or claims presented could have been discovered through the exercise of due diligence." "Due diligence does not require the maximum feasible diligence, but it does require reasonable diligence in the circumstances." *Ford v. Gonzalez*, 683 F.3d 1230, 1235 (9th Cir. 2012) (internal quotation marks and citation

3

omitted).[1]  Had Ndiagu exercised due diligence, he would have discovered the factual predicate for his claims when he was transferred into DHS custody and received both the NTA and the NCD on December 21, 2009.  Those documents informed Ndiagu that he was being charged with a crime involving moral turpitude, which would clearly render him ineligible for cancellation of removal or adjustment of status and mandatorily detainable under the Immigration and Nationality Act.  8 U.S.C. §§ 1229b(b)(1)(C), 1226(c).  Although Ndiagu may not have "underst[ood] the legal significance" of these facts, he was aware of "the facts themselves" on December 21, 2009.  *See Hasan v. Galaza*, 254 F.3d 1150, 1154 n.3 (9th Cir. 2001).  His § 2255 Motion filed on March 9, 2011, is therefore untimely under 28 U.S.C. § 2255(f)(4).

**AFFIRMED.**

---

[1]Although *Ford* involved analysis of the nearly identical statute of limitations under 28 U.S.C. § 2244, we have previously noted that "the Supreme Court has interpreted the statute-of-limitations provisions of § 2244 and § 2255 in concert with one another." *Shannon v. Newland*, 410 F.3d 1083, 1088 (9th Cir. 2005).

4