

# In The
# Court of Appeals
# Seventh District of Texas at Amarillo

No. 07-18-00066-CR

**EX PARTE CARLOS HUERTA, APPELLANT**

On Appeal from the County Court at Law No. 1
Lubbock County, Texas
Trial Court No. 2017-573,439, Honorable Mark Hocker, Presiding

July 17, 2018

OPINION

Before QUINN, C.J., and CAMPBELL and PIRTLE, JJ.

Appellant Carlos Huerta appeals the trial court's order dismissing his petition for writ of habeas corpus. Finding his appeal has become moot, we will vacate the trial court's order and dismiss the appeal.

Background

On November 28, 2017, Huerta was arrested for an alleged Class C misdemeanor theft offense and detained in the Lubbock County jail. Bail was not posted. On November 29, the United States Immigration and Customs Enforcement (ICE) lodged an immigration

detainer, against Huerta.[1]  A Department of Homeland Security administrative "warrant for arrest of alien" also was signed.

Huerta obtained counsel who filed a petition for writ of habeas corpus on December 4.  In the petition, Huerta alleged he was "being unlawfully confined and restrained in his liberty by Lubbock County Sheriff's Office and the Lubbock County Jail, and Lubbock County Sheriff"[2] in violation of the Fourth and Fifth Amendments to the United States Constitution.  He sought his "immediate release from custody."

The trial court conducted a hearing on Huerta's petition on December 7.  Shortly before the hearing began, the City of Lubbock dismissed the misdemeanor theft charge pending against Huerta.  In a finding of fact, the trial court found at the time of the hearing the sole basis for Huerta's confinement was the ICE hold.  In its conclusions of law the trial court stated it lacked jurisdiction to determine the propriety of the ICE hold; it lacked habeas jurisdiction over Huerta on the state misdemeanor charge, because it was dismissed; his detention in the county jail resulted from the ICE hold; and it lacked habeas jurisdiction to consider the restraint of a federal prisoner solely in federal custody.  In its ruling, the trial court denied Huerta the requested habeas relief.  Huerta's motion for new trial was denied after a hearing.

---

[1]  "An ICE detainer is a written request to state or local officials, asking them (1) to notify the Department of Homeland Security ("DHS") as soon as practicable before an alien is released and (2) to maintain custody of the alien for up to 48 hours beyond the preexisting release date so that DHS may assume custody." *City of El Cenizo v. Texas,* 890 F.3d 164, 174 (5th Cir. 2018).

[2]  Unless otherwise indicated, in this opinion the phrase "Lubbock County" will refer to appellees "Lubbock County Sheriff's Office and the Lubbock County Jail, and Lubbock County Sheriff" collectively.

On appeal, Huerta challenges the trial court's conclusion it lacked jurisdiction to consider the propriety of his confinement in the county jail pursuant to the ICE hold. His single issue on appeal is stated, "Did the lodging of an ICE immigration detainer place [Huerta] in federal custody, thereby precluding jurisdiction in a Texas state court to hear an application for writ of habeas corpus pursuant to Texas law?" Huerta contends the trial court misconstrued the applicable law by concluding he became a federal prisoner subject to federal law once the State dismissed the misdemeanor charge against him. He urges his continued detention after dismissal of the misdemeanor charge raises questions of state law which the trial court should have addressed.

After review of the record and the parties' briefing, we find the controversy initiated by Huerta's petition for habeas relief has been rendered moot by subsequent events. Some time after the date of the trial court's December 7 hearing, Huerta was removed from the Lubbock County jail by ICE and is no longer in the custody of the Lubbock County sheriff. Under those circumstances, we agree with Lubbock County that the appeal is now moot and we lack jurisdiction to issue an opinion addressing the issue Huerta raises.

"A case becomes moot if a controversy ceases to exist between the parties at any stage of the legal proceedings, including the appeal." *In re Kellogg Brown & Root, Inc.,* 166 S.W.3d 732, 737 (Tex. 2005) (orig. proceeding). The mootness doctrine applies to a case in which a justiciable controversy existed between the parties at the time the case arose, but the live controversy ceased because of subsequent events. *Matthews v. Kountze Ind. Sch. Dist.,* 484 S.W.3d 416, 418 (Tex. 2016). In the case of habeas corpus applications, our courts have recognized that "[w]here the premise of a habeas corpus application is destroyed by subsequent developments, the legal issues raised thereunder

3

are rendered moot." *Bennet v. State* (*Ex parte Bennet*)*,* 818 S.W.2d 199, 200 (Tex. App.—Houston [14th Dist.] 1991, no pet.) (citation omitted); *see Ex parte Armstrong,* No. 02-15-00180-CR, 2015 Tex. App. LEXIS 8948, at *7-9 (Tex. App.—Fort Worth Aug. 26, 2015, no pet.) (mem. op., not designated for publication) (citing *Bennet*).

As noted, by his petition for a writ of habeas corpus Huerta alleged he was being confined and restrained by Lubbock County in violation of constitutional rights, and asked the court to order his immediate release. *See* TEX. CODE CRIM. PROC. ANN. art. 11.01 ("writ of habeas corpus is the remedy to be used when any person is restrained in his liberty"); art. 11.14 (requisites of petition); art. 11.40 (applicant shall be discharged if court finds imprisonment "cannot for any cause be lawfully prolonged").[3] When he was released from confinement in the Lubbock County jail, Huerta's issues challenging the legality of his confinement there were rendered moot.

No judgment we could render in his appeal, or the trial court could render on remand, would grant Huerta any relief he sought in his habeas corpus petition. Our opinion would merely be advisory. *See Brown v. Todd,* 53 S.W.3d 297, 302 (Tex. 2001) (advisory opinion decides "abstract questions of law without binding the parties"). A court of appeals has no jurisdiction to decide moot controversies and issue advisory opinions. *Houston Hous'g Auth. v. Parrott,* Nos. 14-16-00275-CV, 14-16-00249-CV, 2017 Tex. App. LEXIS 7442, at *3 (Tex. App.—Houston [14th Dist.] Aug. 8, 2017, no pet.) (mem. op.) (citations omitted).

---

[3] As Huerta pointed out in his motion for new trial, "The primary purpose of the writ of habeas corpus is to test the legality of detention. *Walker v. Wainwright,* 390, U.S. 335, 336, 88 S. Ct. 962, 19 L.Ed.2d 1215 (1968)."

4

Huerta contends that exceptions to the mootness doctrine authorize us to address his appeal. We will explain briefly why we disagree.

The Texas Supreme Court recognizes two exceptions to the mootness doctrine: when an action is capable of repetition yet evades review and when a judgment carries collateral consequences that will survive even if the judgment is vacated. *Marshall v. Housing Auth. of the City of San Antonio,* 198 S.W.3d 782, 789 (Tex. 2006); *State v. Lodge,* 608 S.W.2d 910, 912 (Tex. 1980).[4]

The "capable of repetition yet evading review" exception applies if "the challenged act is of such short duration that the appellant cannot obtain review before the issue becomes moot" and there appears "a reasonable expectation that the same action will occur again if the issue is not considered." *Blum v. Lanier,* 997 S.W.2d 259, 264 (Tex. 1999); *see Pharris v. State,* 165 S.W.3d 681, 687-88 (Tex. Crim. App. 2005) (noting that according to the United States Supreme Court "the capable of repetition but evading review doctrine [is] limited to the situation where two elements combine: (1) the challenged action was in its duration too short to be fully litigated prior to its cessation or expiration, and (2) there was a reasonable expectation that the same complaining party would be subjected to the same action again") (quoting *Weinstein v. Bradford,* 423 U.S. 147, 149, 96 S. Ct. 347, 46 L. Ed. 2d 350 (1975) (internal quotation marks omitted)); *City of Los Angeles v. Lyons,* 461 U.S. 95, 109, 103 S. Ct. 1660, 75 L. Ed. 2d 675 (1983) ("[T]he capable-of-repetition doctrine applies only in exceptional situations, and generally only where the named plaintiff can make a reasonable showing that he will again be

---

[4] When an appellate court finds the case has become moot, its proper action is to vacate the lower court's judgment and dismiss the case. *Marshall*, 198 S.W.3d at 875.

subjected to the alleged illegality"); *Cook v. Hedtke,* No. 03-17-00663-CV, 2018 Tex. App. LEXIS 2466, at *9 (Tex. App.—Austin Apr. 6, 2018, no pet.) (mem. op.) ("There must be a 'reasonable expectation' or a 'demonstrated probability' that the same controversy will recur involving the same complaining party"). "The mere physical or theoretical possibility that the same party may be subjected to the same action again is not sufficient to satisfy the test." *Cook,* 2018 Tex. App. LEXIS 2466, at *9.

Huerta argues we should review the county court at law's denial of relief under the capable-of-repetition exception "because removal from the country is a harsh consequence of a state-governed arrest that can happen repeatedly without review." But the record before us is devoid of proof justifying a reasonable expectation or demonstrating a probability that Huerta will in the future be subjected to an ICE detainer while criminally detained in the Lubbock County jail. *See Weinstein,* 423 U.S. at 149 (requiring "reasonable expectation that the same complaining party would be subjected to the same action again"); *see also Williams v. Huff*, 52 S.W.3d 171, 184-85 (Tex. 2001) (applying same standard).

The collateral consequences exception to mootness applies only when, due to the judgment's entry, concrete disadvantages or disabilities have occurred, are imminently threatened to occur, or are imposed as a matter of law; and the concrete disadvantages and disabilities will persist even after the underlying judgment is vacated. *Marshall,* 198 S.W.3d at 789.

Huerta argues his case falls within the collateral consequences exception because he "faces the possibility of removal as a result of the arrest and detention." The contention is not persuasive. First of all, Huerta may face the possibility of his removal from the

6

United States by ICE, but the possible removal is not a consequence of the trial court's denial of his application for habeas corpus. Nothing in the record shows that Huerta would not have faced possible removal if the court had ordered his immediate release from the Lubbock County jail.

Secondly, the cases Huerta cites actually cut against his position. He cites a federal court opinion holding that the petitioner's deportation during the pendency of her habeas corpus petition did not moot the case because the order of the Board of Immigration Appeals she challenged by her petition had collateral consequences that survived despite her deportation. *Chong v. Dist. Dir. INS*, 264 F.3d 378, 385-86 (3d Cir. 2001). The collateral consequence was the Board's decision's effect on the petitioner's ability to reenter the United States. And, unlike Huerta, who challenged only his confinement in the county jail, Chong challenged the deportation order, and the court found its reversal of the Board's order could result in her being allowed to reenter. *Id.* at 386.

Huerta cites also a similar decision of the Ninth Circuit, also holding that a habeas petition challenging a deportation order was not rendered moot by the petitioner's subsequent deportation. *Zegarra-Gomez v. INS*, 314 F.3d 1124 (9th Cir. 2003). Citing *Chong,* the Ninth Circuit referred to the deportation order's consequence of precluding the petitioner's ability to seek to return to this country. *Id.* at 1126-27.

The court in *Chong* began its analysis of the mootness issue by summarizing her burden: "Thus, Chong must show that she has suffered, or is threatened with, an actual injury traceable to the INS that is likely to be redressed by a favorable decision." 264 F.3d at 384 (citing *Lewis v. Continental Bank Corp.*, 494 U.S. 472, 477-78, 110 S. Ct.

7

1249, 108 L. Ed. 2d 400 (1990)).[5]  As we have noted, the relief Huerta sought from the trial court was his immediate release from the Lubbock County jail.

We conclude that the possibility of Huerta's removal from the United States is neither traceable to the order of the trial court denying his requested relief, nor likely to be redressed by any decision we, or that court on remand, could issue.  Our jurisdiction over this appeal cannot be maintained by the collateral consequences exception to mootness.

Huerta further argues this case meets the requirements of the "public interest" exception to the mootness doctrine which, although not adopted by the Texas Supreme Court, *FDIC v. Nueces Cty.,* 886 S.W.2d 766, 767 (Tex. 1994), has been followed by some appellate courts of this state.  *See Univ. Interscholastic League v. Buchanan,* 848 S.W.2d 298, 303–304 (Tex. App.—Austin 1993, no writ), *Ngo v. Ngo,* 133 S.W.3d 688, 692 (Tex. App.—Corpus Christi 2003, no pet.); *Tex. Dep't of Public Safety v. Lafleur,* 32 S.W.3d 911, 914 (Tex. App.—Texarkana 2000, no pet.).  According to this exception, an appellate court nevertheless retains jurisdiction to review an issue of considerable public importance that evades review and is capable of repetition between either the same parties or other members of the public.  *Buchanan,* 848 S.W.2d at 303–304.

In regard to the public interest exception, among Huerta's arguments is a contention that "review of state and local practices and procedures is of considerable public importance. . . .  [G]uidance to sheriffs, jail personnel, police officers, and other

---

[5]  The United States Supreme Court's analysis of the collateral consequences exception in *Spencer v. Kemna,* 523 U.S. 1, 7, 118 S. Ct. 978, 140 L. Ed. 2d 43 (1998), cites *Lewis* for the same concept.

8

state actors is necessary to prevent confusion and misapplication of the law." In our view, the contention illustrates that, in the fullest sense, Huerta seeks an advisory opinion, instruction from this Court to various government agencies directing their handling of cases involving non-citizens. Under our state's constitution, issuance of such opinions is not this Court's role.

Two other Texas courts of appeals have decided they will not apply the public interest exception to the mootness doctrine until the Texas Supreme Court adopts it. *See Houston Chronicle Publ'g Co. v. Thomas,* 196 S.W.3d 396, 400 (Tex. App.—Houston [1st Dist.] 2006, no pet.) ("until and unless the Texas Supreme Court recognizes the public interest exception to the mootness doctrine, it is not a viable legal theory in our jurisdiction"); *In re Smith Cty.,* 521 S.W.3d 447, 454 (Tex. App.—Tyler 2017, orig. proceeding) (also declining to follow the public interest exception until recognized by the Texas Supreme Court). We will not apply the public interest exception in this case.

Finding Huerta's release from Lubbock County confinement renders his appeal of the trial court's order moot, and no exception applies, we vacate the trial court's order and dismiss the appeal for want of jurisdiction.

James T. Campbell
Justice

Publish.

9