**NOT FOR PUBLICATION**

**FILED**

UNITED STATES COURT OF APPEALS

APR 15 2021

FOR THE NINTH CIRCUIT

MOLLY C. DWYER, CLERK
U.S. COURT OF APPEALS

| | |
|---|---|
| MORSHED ALAM, | No.    20-16825 |
| Petitioner-Appellant, | D.C. No.<br>2:19-cv-05538-MTL-CDB |
| v. | |
| ALBERT CARTER, in his official capacity as Acting Phoenix Field Office Director, U.S. Immigration and Customs Enforcement; et al., | MEMORANDUM[*] |
| Respondents-Appellees. | |

Appeal from the United States District Court
for the District of Arizona
Michael T. Liburdi, District Judge, Presiding

Submitted April 13, 2021[**]
San Francisco, California

Before:  McKEOWN, RAWLINSON, and BADE, Circuit Judges.

Morshed Alam maintains that he was a minor when he entered the United

States, fleeing Bangladesh, but Immigration and Customs Enforcement ("ICE")

---

[*]      This disposition is not appropriate for publication and is not precedent except as provided by Ninth Circuit Rule 36-3.

[**]      The panel unanimously concludes this case is suitable for decision without oral argument.  *See* Fed. R. App. P. 34(a)(2).

determined that he was an adult. Contending that he was an unaccompanied alien child on entry and therefore subject to certain legal protections even after he turned eighteen, Alam brought a petition for a writ of habeas corpus under 28 U.S.C. § 2241 and a motion for a preliminary injunction, challenging his ongoing detention and ICE's failure to place him in the least restrictive setting available. The district court denied the motion and dismissed the petition. We dismiss Alam's petition as moot.

While this appeal was pending, Alam was released from detention. But he argues that collateral consequences of ICE's age determination mean his habeas petition is not moot, because he may be re-detained, and because an immigration judge ("IJ") may use the age determination to bolster his adverse credibility determination or to find him "to be lacking a 'key' element of an asylum claim, his identity." *See Abdala v. INS*, 488 F.3d 1061, 1064 (9th Cir. 2007) ("For a habeas petition to continue to present a live controversy after the petitioner's release or deportation . . . there must be some remaining 'collateral consequence' that may be redressed by success on the petition.").

Collateral consequences "create concrete legal disadvantages." *Zegarra-Gomez v. INS*, 314 F.3d 1124, 1125 (9th Cir. 2003). Alam has not identified legal disadvantages arising out of the age determination. Any risk of re-detention does not save his petition from mootness, as he was released pursuant to court order and

there is thus a legal impediment to his re-detention. *See Rodriguez v. Hayes*, 591 F.3d 1105, 1117–18 (9th Cir. 2010) (holding that the petitioner's claim was not moot when the petitioner could be re-detained at the government's discretion, without a hearing before a neutral decisionmaker). And Alam's argument that the IJ will rely on the same documents in evaluating his identity or in making an adverse credibility determination does not mean that the *age determination* creates ongoing legal disadvantages; rather, this would involve a different entity weighing the evidence and making its own determinations. Any claim of collateral consequence is speculative and hypothetical.

Alam has already received the relief that he sought through a petition for habeas corpus: release from detention. His petition is therefore moot.

**DISMISSED.**