**NOT FOR PUBLICATION**

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

| | |
|---|---|
| IMRAN HOSSAIN IMON, | No.   20-16596 |
| Petitioner-Appellant, | |
| v. | D.C. No. 2:20-cv-00037-DWL-JZB |
| CHUCK KEETON, in his official capacity as Warden of the La Palma Correctional Center; et al., | MEMORANDUM* |
| Respondents-Appellees. | |

Appeal from the United States District Court
for the District of Arizona
Dominic Lanza, District Judge, Presiding

Submitted April 13, 2021**
San Francisco, California

Before:  McKEOWN, RAWLINSON, and BADE, Circuit Judges.

Imran Imon maintains that he was a minor when he entered the United

States, fleeing Bangladesh, but the Office of Refugee Resettlement ("ORR") and

Immigration and Customs Enforcement ("ICE") determined that he was an adult.

---

        *       This disposition is not appropriate for publication and is not precedent except as provided by Ninth Circuit Rule 36-3.

        **       The panel unanimously concludes this case is suitable for decision without oral argument.  *See* Fed. R. App. P. 34(a)(2).

Contending that he was an unaccompanied alien child on entry and therefore subject to certain legal protections even after he turned eighteen, Imon brought a petition for a writ of habeas corpus under 28 U.S.C. § 2241 and a motion for a preliminary injunction, challenging his ongoing detention and ICE's failure to place him in the least restrictive setting available. The district court denied the motion and dismissed the petition. We dismiss Imon's petition as moot.

While this appeal was pending, Imon was released from detention. Although he concedes that his prolonged detention claim is moot, he argues that claims related to the age determinations are not moot because the age determinations have collateral consequences. *See Abdala v. INS*, 488 F.3d 1061, 1064 (9th Cir. 2007) ("For a habeas petition to continue to present a live controversy after the petitioner's release . . . there must be some remaining 'collateral consequence' that may be redressed by success on the petition."). Imon asserts that the age determinations create collateral consequences for two reasons: (1) "the Board of Immigration Appeals relied on the immigration judge's [("IJ")] erroneous findings about [Imon's] age to affirm his negative credibility determination"; and (2) Imon "can pursue Special Immigrant Juvenile Status" in New York, but "will be barred from that form of relief because the government will insist, incorrectly, that he was born in 1998, not 2001."

Collateral consequences "create concrete legal disadvantages." *Zegarra-*

2

*Gomez v. INS*, 314 F.3d 1124, 1125 (9th Cir. 2003). Imon has not identified legal disadvantages arising out of the age determinations. The IJ's adverse credibility determination was based on the IJ's evaluation of the evidence and its inconsistencies, not any age determination by ICE or ORR. Similarly, the Special Immigrant Juvenile Status process involves evaluation of the evidence by a juvenile court. 8 U.S.C. § 1101(a)(27)(J)(i). A noncitizen seeking Special Immigrant Juvenile Status must obtain a state-court order prior to obtaining the consent of the Secretary of Homeland Security by filing a petition with United States Citizenship and Immigration Services ("USCIS"), and "'USCIS relies on the expertise of the juvenile court . . . and does not reweigh the evidence,' but may deny relief if it determines that the state court order had no reasonable factual basis or was sought 'primarily or solely to obtain an immigration benefit.'" *C.J.L.G. v. Barr*, 923 F.3d 622, 626 (9th Cir. 2019) (en banc) (omission in original) (quoting 6 USCIS Policy Manual, pt. J, ch. 2(D)(5)). Any claim of collateral consequence is speculative and hypothetical.

Imon has already received the relief that he sought through a petition for habeas corpus: release from detention. His petition is therefore moot.

**DISMISSED.**

3