NOT FOR PUBLICATION

FILED

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

JUN 14 2021

MOLLY C. DWYER, CLERK
U.S. COURT OF APPEALS

RAMON JAUREGUI-GARCIA,

          Petitioner-Appellant,

  v.

MERRICK GARLAND, et al.,

          Respondents-Appellees.

No.   20-16871

D.C. No. 2:20-cv-00876-JAT-JFM

MEMORANDUM[*]

Appeal from the United States District Court
for the District of Arizona
James A. Teilborg, District Judge, Presiding

Submitted June 8, 2021[**]
Pasadena, California

Before: MURGUIA and BADE, Circuit Judges, and MOLLOY,[***] District Judge.

Ramon Angel Jauregui-Garcia, a citizen and native of Mexico, petitions for review of the district court's dismissal of his habeas petition as moot after he challenged the conditions of his confinement and an Immigration Judge released him

---

[*]     This disposition is not appropriate for publication and is not precedent except as provided by Ninth Circuit Rule 36-3.

[**]     The panel unanimously concludes this case is suitable for decision without oral argument. *See* Fed. R. App. P. 34(a)(2).

[***]     The Honorable Donald W. Molloy, United States District Judge for the District of Montana, sitting by designation.

1

on bond under 8 U.S.C. § 1226(a). We have jurisdiction under 28 U.S.C. § 1291 and review *de novo* the district court's decision to dismiss the petition as moot. *Zegarra-Gomez v. INS*, 314 F.3d 1124, 1126 (9th Cir. 2003). We affirm.

1. "[A] case becomes moot when it no longer present[s] a case or controversy under Article III, § 2 of the Constitution." *Abdala v. INS*, 488 F.3d 1061, 1063 (9th Cir. 2007) (second alteration in original) (internal quotation marks and citation omitted). Release from confinement does not automatically moot a habeas petition so long as there remains some "collateral consequence that may be redressed by success on the petition." *Id.* at 1064 (internal quotation marks and citation omitted). No such consequence exists here. Although the discretionary redetainment provisions of § 1226(a) raise the possibility that Jauregui-Garcia may be redetained in the future, this possibility does not prolong a live case or controversy because, unlike the recognized collateral consequence in *Zegarra-Gomez*, redetainment under § 1226(a) may never come to fruition. *See* 314 F.3d at 1127.

2. A case is also moot "when it is impossible for a court to grant any effectual relief whatever to the prevailing party." *Campbell-Ewald Co. v. Gomez*, 577 U.S. 153, 161 (2016) (internal quotation marks and citation omitted). Here, the dispositive fact is that Jauregui-Garcia did not challenge the government's authority to confine him but instead challenged the confinement conditions. This fact distinguishes Jauregui-Garcia from the petitioners in *Clark v. Martinez*, 543 U.S. 371 (2005), and *Rodriguez v. Hayes*, 591 F.3d 1105 (9th Cir. 2010). Unlike those

2

petitioners, Jauregui-Garcia does not argue that the government lacked authority to detain him, nor does he argue that he was deprived of the opportunity to challenge the justification of his detention. Rather, he seems to be in the "far different situation" the Court envisioned in *Rodriguez*, where it implied no case or controversy would exist. *See* 591 F.3d at 1117 (explaining that if petitioner had received a hearing before an Immigration Judge in which the government had the burden of justifying his detention, he would be "in a far different situation from his current one"). Further, Jauregui-Garcia overreads *Clark* to stand for the rule that a discretionary statutory release provision preserves a case or controversy. In *Clark*, the petitioner may never have been discretionarily redetained, but in no event would his release have exceeded one year. *See* 543 U.S. at 376 n.3. Thus, the temporal limitation made the *Clark* petitioner's return to custody imminent and certain in a way that Jauregui-Garcia's possible return to custody is not.

3. Because Jauregui-Garcia cannot show that there is a reasonable expectation that he will be subjected to the same confinement again in light of the changed conditions at the detention facility, no exception to the mootness doctrine applies. *See Foster v. Carson*, 347 F.3d 742, 746 (9th Cir. 2003). Therefore, the district court properly dismissed Jauregui-Garcia's habeas petition as moot.

**AFFIRMED.**

3