**FOR PUBLICATION**

# UNITED STATES COURT OF APPEALS
# FOR THE NINTH CIRCUIT

FLORENCIO JOSE DOMINGUEZ,
*Petitioner-Appellant*,

v.

SCOTT KERNAN, Secretary of the
California Department of
Corrections and Rehabilitation,
*Respondent-Appellee.*

No. 18-55209

D.C. No.
3:14-cv-02890-
BAS-RBB

OPINION

Appeal from the United States District Court
for the Southern District of California
Cynthia A. Bashant, District Judge, Presiding

Argued and Submitted June 8, 2018
Pasadena, California

Filed October 23, 2018

Before: Raymond C. Fisher and Morgan Christen, Circuit
Judges, and Edward F. Shea, District Judge.[*]

Opinion by Judge Fisher

---

[*] The Honorable Edward F. Shea, United States District Judge for the
Eastern District of Washington, sitting by designation.

## SUMMARY[**]

### Habeas Corpus

The panel vacated the district court's dismissal of Florencio Dominguez's 28 U.S.C. § 2254 habeas corpus petition asserting that the state of California's second prosecution of him violates the Double Jeopardy Clause, and remanded.

Dominguez was charged with murder. After his trial ended in a hung jury, the trial court dismissed the case and the state filed a new complaint, charging Dominguez with murder and conspiracy to commit murder. Dominguez filed a demurrer, arguing the second prosecution violated his rights under the Double Jeopardy Clause and California law, but the trial court overruled his demurrer, and Dominguez was tried and convicted. Dominguez then asserted his double jeopardy claim in the § 2254 petition. While that petition was pending, the state trial court vacated Dominguez's convictions under *Brady v. Maryland*, 373 U.S. 83 (1963), and the state has elected to retry him on the charge of conspiracy to commit murder. The state placed Dominguez in pretrial custody, where he remains. Citing the state court's decision vacating the earlier convictions, the district court dismissed Dominguez's federal habeas petition as moot.

The panel held that Dominguez's petition is not moot. The panel explained that the petition continues to present a live controversy because he remains in custody, continues to

---

[**] This summary constitutes no part of the opinion of the court. It has been prepared by court staff for the convenience of the reader.

claim he is in custody in violation of the Constitution of the United States, and continues to present precisely the same legal claim that he presented when his petition was filed – that the state's second prosecution of him, which remains ongoing, violates his federal constitutional right not to be twice placed in jeopardy for the same offense.

The panel also held that because Dominguez's detention is no longer attributable to a state court judgment, proceeding under § 2254 is no longer appropriate, and he is free to seek habeas relief under 28 U.S.C. § 2241(a) and (c)(3) instead.

The panel held that, to proceed under § 2241, Dominguez is not required to dismiss his § 2254 petition and file a new petition under § 2241. The panel held that just as a court may convert a § 2241 petition to a § 2254 petition when a pretrial detainee is convicted while a petition is pending, a court has the authority to convert a § 2254 petition into a § 2241 petition when, as here, a petitioner's convictions are vacated during the pendency of the petition and the petitioner has become a pretrial detainee. The panel instructed that the district court on remand shall, either upon Dominguez's request or at the court's initiation but with Dominguez's consent, convert the petition to one arising under § 2241. The panel instructed that if Dominguez elects not to convert the petition, the district court shall dismiss the petition without prejudice.

**COUNSEL**

Matthew J. Speredelozzi (argued) and Patrick Morgan Ford, San Diego, California, for Petitioner-Appellant.

Kevin Vienna (argued), Deputy Attorney General; Daniel Rogers, Supervising Deputy Attorney General; Julie L. Garland, Senior Assistant Attorney General; Xavier Becerra, Attorney General; Office of the Attorney General, San Diego, California; for Respondent-Appellee.

**OPINION**

FISHER, Circuit Judge:

Florencio Dominguez was charged with murder. After his trial ended in a hung jury, the trial court dismissed the case under California Penal Code § 1385. The state filed a new complaint, charging Dominguez with murder and conspiracy to commit murder. Dominguez filed a demurrer, arguing the second prosecution violated his rights under the Double Jeopardy Clause and California law, but the trial court overruled his demurrer, and Dominguez was tried and convicted. Dominguez then asserted his double jeopardy claim in a federal habeas petition under 28 U.S.C. § 2254. While that petition was pending, the state trial court vacated Dominguez's convictions under *Brady v. Maryland*, 373 U.S. 83 (1963), and the state has elected to retry him on the charge of conspiracy to commit murder. The state placed Dominguez in pretrial custody, where he remains. Citing the state court's decision vacating the earlier convictions, the district court dismissed Dominguez's federal habeas petition as moot. Dominguez appeals.

We hold Dominguez's petition is not moot. It continues to present a live controversy because he remains in custody, continues to claim he is in custody in violation of the Constitution of the United States and continues to present precisely the same legal claim that he presented when his petition was filed – that the state's second prosecution of him, which remains ongoing, violates his federal constitutional right not to be twice placed in jeopardy for the same offense.

We hold, however, that Dominguez is no longer required to proceed under § 2254. Section 2254 limits the general grant of habeas authority under 28 U.S.C. § 2241 by placing additional obstacles in the path of a person seeking habeas relief when he is "in custody pursuant to the judgment of a State court." 28 U.S.C. § 2254(a). Where a petitioner is *not* challenging custody attributable to a state court judgment, his custody does not bear a presumption of validity. Section 2254 therefore does not apply, and he is free to seek habeas relief under § 2241(a) and (c)(3) instead.

Finally, we hold that, to proceed under § 2241, Dominguez is not required to dismiss his § 2254 petition and file a new petition under § 2241. Just as a court may convert a § 2241 petition to a § 2254 petition when a pretrial detainee is convicted while a petition is pending, we hold that a court has the authority to convert a § 2254 petition into a § 2241 petition when a petitioner's convictions are vacated during the pendency of the petition and the petitioner has become a pretrial detainee.

We vacate the judgment and remand for proceedings consistent with this opinion.

## BACKGROUND

Dominguez was charged with murder in 2010 (San Diego County Superior Court No. SCD225579). His trial resulted in a hung jury, and the state trial court dismissed the case under California Penal Code § 1385.**[1]** The state refiled the criminal complaint (San Diego County Superior Court No. SCD230596), charging Dominguez again with murder and adding a new charge for conspiracy to commit murder. *See* Cal. Penal Code §§ 182(a)(1), 187(a). Dominguez filed a demurrer, arguing the second prosecution was barred by double jeopardy and California Penal Code § 654.**[2]** He

---

**[1]** *See* Cal. Penal Code § 1385(a) ("The judge or magistrate may, either of his or her own motion or upon the application of the prosecuting attorney, and in furtherance of justice, order an action to be dismissed. The reasons for the dismissal shall be stated orally on the record. The court shall also set forth the reasons in an order entered upon the minutes if requested by either party or in any case in which the proceedings are not being recorded electronically or reported by a court reporter. A dismissal shall not be made for any cause that would be ground of demurrer to the accusatory pleading.").

The trial court dismissed the case on the ground that the prosecution had failed to establish Dominguez had pulled the trigger: "There may come a time in the future when someone else comes forward to say [it was] either the defendant or someone else. Because the defendant, if he didn't pull the trigger, he knows who did. He's standing right there. It may be somebody else, but based on the current state of the evidence, that can't be proven. And so at this point the matter is dismissed without prejudice."

**[2]** *See* Cal. Penal Code § 654(a) ("An act or omission that is punishable in different ways by different provisions of law shall be punished under the provision that provides for the longest potential term of imprisonment, but in no case shall the act or omission be punished under more than one provision. An acquittal or conviction and sentence under any one bars a prosecution for the same act or omission under any other.").

contended the state trial court's dismissal under § 1385 amounted to a finding of insufficient evidence that operated as an acquittal for purposes of double jeopardy. *See Bravo-Fernandez v. United States*, 137 S. Ct. 352, 364 (2016) ("For double jeopardy purposes, a court's evaluation of the evidence as insufficient to convict is equivalent to an acquittal and therefore bars a second prosecution for the same offense."). The state trial court overruled the demurrer.

The second prosecution proceeded to trial, and Dominguez was convicted on both charges. Dominguez appealed the convictions, arguing again that the second prosecution violated double jeopardy. In a reasoned decision, the California Court of Appeal denied relief, disagreeing with Dominguez's contention that the 2010 dismissal constituted a finding of insufficient evidence. *See People v. Dominguez*, No. D060019, 2013 WL 3362112, at *8–10 (Cal. Ct. App. July 5, 2013). The California Supreme Court denied review.

Dominguez then filed a federal habeas petition under 28 U.S.C. § 2254, renewing his double jeopardy challenge to the second prosecution. Dominguez argued "the second trial was barred under the Fifth Amendment" and asked the district court to "remand the case back to trial court directing it to grant [his] demurrer on Double Jeopardy grounds." A federal magistrate judge recommended the district court grant the writ, agreeing with Dominguez that the 2010 dismissal operated as an acquittal, and concluding that the California Court of Appeal's decision to the contrary was both an

---

"The Double Jeopardy Clause of the Fifth Amendment, applicable to the States through the Fourteenth, provides that no person shall 'be subject for the same offence to be twice put in jeopardy of life or limb.'" *Brown v. Ohio*, 432 U.S. 161, 164 (1977) (quoting U.S. Const. amend. V).

unreasonable application of Supreme Court precedent under § 2254(d)(1) and based on an unreasonable determination of the facts under § 2254(d)(2).

Before the district court could rule on the magistrate judge's recommendation, a state trial court granted Dominguez post-conviction relief on an independent ground, vacating his murder and conspiracy convictions under *Brady v. Maryland*, 373 U.S. 83 (1963).**[3]** The trial court vacated the judgment and ordered the state to either retry Dominguez or release him. The state has elected to retry Dominguez, but it is proceeding solely on the conspiracy charge. Dominguez remains in state custody pending trial.**[4]**

When the district court learned of the state court's decision vacating the convictions, it ordered the parties "to show cause as to why [the federal petition] should not be dismissed as moot." The state urged the court to dismiss the petition, arguing that, "[b]ecause Dominguez is no longer in custody for the murder conviction, he received the relief he sought in this Court." Dominguez opposed dismissal, arguing his petition continued to present a live controversy because he "remains in custody facing retrial" and the retrial would "violate double jeopardy on the exact same grounds Dominguez claims in this [petition]."

---

**[3]** In *Brady*, the Supreme Court held that a state violates a defendant's right to due process when it suppresses evidence favorable to an accused that is material to guilt or punishment. *See Cone v. Bell*, 556 U.S. 449, 451 (2009).

**[4]** Unlike Dominguez's first and second trials, which occurred in two distinct cases, his second trial and his pending third trial are part of a single prosecution in a single case, San Diego County Superior Court No. SCD230596.

In a January 2018 order, the district court agreed with the state and concluded Dominguez's petition was moot:

> Dominguez filed this petition under 28 U.S.C. § 2254 to challenge his conviction for first-degree murder and conspiracy to commit murder. But the state court has since vacated this conviction. In doing so, it extinguished Dominguez's two claims under § 2254. His claim that . . . his second prosecution violated the Double Jeopardy Clause . . . does not present a live controversy. He is no longer in custody pursuant to the conviction procured by the second prosecution. Moreover, unlike cases where petitioners have completed their sentences but are still permitted to challenge their convictions because the convictions cause collateral consequences, there is no conviction here for Dominguez to seek to set aside. At this point, opining on the constitutional condition of Dominguez's second prosecution would be advisory. Therefore, the two claims raised in Dominguez's § 2254 petition are moot.

The court also declined to treat Dominguez's petition as a "pre-trial custody petition" under 28 U.S.C. § 2241, explaining that doing so would require the court to address three undeveloped issues: *Younger* abstention; exhaustion;

and the merits of Dominguez's double jeopardy claim.**5** The court dismissed Dominguez's petition as moot and declined to issue a certificate of appealability.

Dominguez timely appealed, and we issued a certificate of appealability "with respect to . . . whether the district court erred by dismissing the petition as moot, including whether the petition should be construed as a petition under 28 U.S.C. § 2241."

---

**5** *Younger v. Harris*, 401 U.S. 37 (1971), requires federal courts to abstain from interfering with pending state criminal proceedings. A colorable claim that a state prosecution will violate the Double Jeopardy Clause, however, presents an exception to *Younger*: "Because full vindication of the right necessarily requires intervention before trial, federal courts will entertain pretrial habeas petitions that raise a colorable claim of double jeopardy." *Mannes v. Gillespie*, 967 F.2d 1310, 1312 (9th Cir. 1992). Because Dominguez has presented a colorable double jeopardy claim, we hold *Younger* abstention does not apply.

With respect to exhaustion, there is no dispute that Dominguez presented a double jeopardy challenge to his second prosecution at all three levels of the California courts, but the state maintains Dominguez challenged solely his re-prosecution for murder, not his prosecution for conspiracy to commit murder, the sole remaining charge. Dominguez contends he adequately exhausted this claim.

As to the merits, the parties disagree over whether Dominguez's claimed acquittal on the murder charge precludes his re-prosecution on the conspiracy charge. Dominguez argues the collateral estoppel aspects of double jeopardy apply, *see Ashe v. Swenson*, 397 U.S. 436 (1970), and hence that the conspiracy prosecution too is constitutionally barred.

**STANDARD OF REVIEW**

"We review de novo the district court's dismissal of a habeas petition on the ground of mootness." *Zegarra-Gomez v. INS*, 314 F.3d 1124, 1126 (9th Cir. 2003).

**DISCUSSION**

**A. Dominguez's Petition Is Not Moot**

"[A] case 'becomes moot only when it is impossible for a court to grant any effectual relief whatever to the prevailing party.'" *Chafin v. Chafin*, 568 U.S. 165, 172 (2013) (quoting *Knox v. Serv. Emps. Int'l Union, Local 1000*, 567 U.S. 298, 307 (2012)). "As long as the parties have a concrete interest, however small, in the outcome of the litigation, the case is not moot." *Id.* (quoting *Knox*, 567 U.S. at 307–08).

Here, Dominguez's petition continues to present a live controversy, and it remains possible for the district court to grant him effectual relief.[6] In his federal habeas petition,

---

[6] "Once the petitioner sustains his burden of demonstrating entitlement to federal habeas relief, the district court has wide discretion in choosing the appropriate remedy." Brian R. Means, *Federal Habeas Manual* § 13:5 (2018); *see also* 28 U.S.C. § 2243 ("The court shall summarily hear and determine the facts, and dispose of the matter as law and justice require."); *Hilton v. Braunskill*, 481 U.S. 770, 775 (1987) ("Federal habeas corpus practice, as reflected by the decisions of this Court, indicates that a court has broad discretion in conditioning a judgment granting habeas relief."); 2 Randy Hertz & James S. Liebman, *Federal Habeas Corpus Practice and Procedure* § 33.1 (7th ed. 2017) ("In general . . . , in cases in which a petitioner has established a right to relief from some unlawful aspect of 'custody' in the broad sense, modern federal habeas corpus practice has moved towards full realization of the

Dominguez argues his second prosecution is barred by double jeopardy and asks the district court to "remand the case back to trial court directing it to grant [his] demurrer on Double Jeopardy grounds." Dominguez's second prosecution is ongoing, and he continues to argue his second prosecution violates the Double Jeopardy Clause because his first trial ended in an acquittal. Were the district court to grant Dominguez the relief he seeks, he would no longer be subject to prosecution in state court.

The district court concluded Dominguez's petition was moot, but it did so because it viewed the petition as challenging only "his *conviction* for first-degree murder and conspiracy to commit murder." The court reasoned, "Because his conviction has been vacated, his two claims targeting it under § 2254 are moot." To the extent Dominguez's petition challenges those convictions, the petition is indeed moot, because those convictions have been vacated, and no collateral consequences flow from them. *See Spencer v. Kemna*, 523 U.S. 1, 7–8 (1998); *Carafas v. LaVallee*, 391 U.S. 234, 237–38 (1968).

The district court erred, however, by construing Dominguez's petition as a challenge solely – or even primarily – to his convictions rather than to his second prosecution generally. Properly understood, Dominguez's petition continues to present a live controversy because he is still in custody, he continues to challenge his prosecution on the same ground and his prosecution is ongoing. The vacatur

---

statute's 'law and justice' command and has recognized a wide variety of appropriate remedial orders.").

of Dominguez's convictions changes the procedural posture of the case but does not render the petition moot.[7]

In *Shute v. Texas*, 117 F.3d 233, 236 (5th Cir. 1997), for example, the petitioner filed a federal petition challenging his second indictment on double jeopardy grounds. While his petition was pending, the second indictment was dismissed for technical reasons, and the state secured a third indictment. *See id.* The Fifth Circuit rejected the suggestion that dismissal of the second indictment rendered the petition moot:

> In federal court, Shute sought a writ of habeas corpus on double jeopardy grounds. This entailed two requests: (1) an order of

---

[7] Dominguez's double jeopardy rights are not diminished by the fact that he is now a pretrial detainee rather than a convicted prisoner. As the Supreme Court has long recognized, "the Double Jeopardy Clause protects an individual against more than being subjected to double punishments. It is a guarantee against being twice put to trial for the same offense." *Abney v. United States*, 431 U.S. 651, 660–61 (1977). If this right is not vindicated *before trial*, a vitally important aspect of the guarantee is forever lost. As the Court explained in *Abney*, because it "focus[es] on the 'risk' of conviction, the guarantee against double jeopardy assures an individual that, among other things, he will not be forced . . . to endure the personal strain, public embarrassment, and expense of a criminal trial more than once for the same offense." *Id.* at 661. "Obviously, these aspects of the guarantee's protections would be lost if the accused were forced to 'run the gauntlet' a second time before [the prosecution could be challenged]; even if the accused is acquitted, or, if convicted, has his conviction ultimately reversed on double jeopardy grounds, he has still been forced to endure a trial that the Double Jeopardy Clause was designed to prohibit." *Id.* at 662. Here, Dominguez is a pretrial detainee, facing trial on what may amount to the same charges the state pursued in his first two trials. His double jeopardy claim therefore is not moot.

> release from custody and (2) an injunction against state prosecution. . . .
>
>          . . . .
>
> Once the state secured the Third Indictment, both forms of requested relief were live again. Shute still wanted release from custody and still wanted an injunction against prosecution. Although any state prosecution would be under a different indictment from the one attacked before the district court, this cannot make a difference. If the district court had granted the injunction against state prosecution under the Second Indictment, prosecution under the Third Indictment would be barred as well. Otherwise, the state always could defeat a federal double jeopardy habeas ruling by dismissing an indictment and immediately securing an identical one.
>
> Shute's request for . . . relief from custody . . . remains a live controversy as long as he is imprisoned.

*Id.* at 237.

Similarly, in *Warnick v. Booher*, 425 F.3d 842, 843 (10th Cir. 2005), the petitioner filed a federal habeas petition challenging the loss of 155 good-time credits as a violation of double jeopardy. While the petition was pending, the prison restored the 155 credits but subtracted another 53 credits. The Tenth Circuit held the claim was moot as to the

155 credits but that the case continued to present a live controversy as to the loss of 53 credits, noting that the petitioner's objection to the loss of 53 credits was based on the same theory that "the subtraction of any credits after his rebill date violates double-jeopardy principles." *Id.* at 846. The petitioner therefore was not required to pursue a new habeas petition. *See id.*

We hold Dominguez's § 2254 petition is not moot. The district court erred by ruling otherwise.[8]

## B. Dominguez Is No Longer Required to Proceed Under § 2254

Apart from the issue of mootness, we granted a certificate of appealability on "whether the petition should be construed as a petition under 28 U.S.C. § 2241." We hold that it should be.

Section 2241 establishes the general authority of the federal courts to issue habeas relief. It provides that "[w]rits of habeas corpus may be granted by the Supreme Court, any justice thereof, the district courts and any circuit judge within their respective jurisdictions," 28 U.S.C. § 2241(a), and it

---

[8] A leading habeas treatise explains that double jeopardy claims "are not mooted by conviction because they challenge not only the legality of the pretrial detention but also the legality of the postconviction detention." 1 Hertz & Liebman, *supra*, § 8.2 n.13. The same principle applies here, although in the opposite direction: Dominguez's double jeopardy continues to present a live controversy because it challenges not only the legality of his post-conviction detention but also the legality of the second prosecution generally, including, therefore, the legality of his pretrial detention.

specifies five circumstances in which a petitioner may be granted relief:

> (1) He is in custody under or by color of the authority of the United States or is committed for trial before some court thereof; or
>
> (2) He is in custody for an act done or omitted in pursuance of an Act of Congress, or an order, process, judgment or decree of a court or judge of the United States; or
>
> (3) *He is in custody in violation of the Constitution or laws or treaties of the United States*; or
>
> (4) He, being a citizen of a foreign state and domiciled therein is in custody for an act done or omitted under any alleged right, title, authority, privilege, protection, or exemption claimed under the commission, order or sanction of any foreign state, or under color thereof, the validity and effect of which depend upon the law of nations; or
>
> (5) It is necessary to bring him into court to testify or for trial.

*Id.* § 2241(c) (emphasis added).

Section 2254, in turn, states:

> The Supreme Court, a Justice thereof, a circuit judge, or a district court shall entertain an

application for a writ of habeas corpus in behalf of a person in custody pursuant to the judgment of a State court only on the ground that he is in custody in violation of the Constitution or laws or treaties of the United States.

*Id.* § 2254(a).

Section 2254 has been understood as *limiting* the authority granted by § 2241 rather than supplementing it. As the Supreme Court has explained, "[o]ur authority to grant habeas relief to state prisoners is limited by § 2254, which specifies the conditions under which such relief may be granted to 'a person in custody pursuant to the judgment of a State court.'" *Felker v. Turpin*, 518 U.S. 651, 662 (1996) (quoting 28 U.S.C. § 2254(a)); *see also White v. Lambert*, 370 F.3d 1002, 1006 (9th Cir. 2004) ("In contrast to section 2255, section 2254 does not create an alternative to the habeas corpus remedy provided in section 2241; rather, it imposes limitations on this remedy." (quoting Eric Johnson, *An Analysis of the Antiterrorism and Effective Death Penalty Act in Relation to State Administrative Orders: the State Court Judgment as the Genesis of Custody*, 29 New Eng. J. on Crim. & Civ. Confinement 153, 168 (2003))), *overruled on other grounds by Hayward v. Marshall*, 603 F.3d 546 (9th Cir. 2010) (en banc); *Greenawalt v. Stewart*, 105 F.3d 1287, 1287 (9th Cir. 1997) ("The Supreme Court has instructed us that the authority of the federal courts to grant habeas relief to state prisoners under § 2241 is limited by 28 U.S.C. § 2254.").

Thus, "a prisoner proceeding under § 2254 is subject to obstacles a prisoner proceeding under § 2241 is not." Bryan

R. Means, *Postconviction Remedies* § 5:2 (2018). Section 2254, for example, provides that "an application for a writ of habeas corpus in behalf of a person in custody pursuant to the judgment of a State court *only* on the ground that he is in custody in violation of the Constitution or laws or treaties of the United States." 28 U.S.C. § 2254(a) (emphasis added). It further provides that "[a]n application for a writ of habeas corpus on behalf of a person in custody pursuant to the judgment of a State court shall not be granted unless it appears that . . . the applicant has exhausted the remedies available in the courts of the State." *Id.* § 2254(b)(1).[9] Section 2244, moreover, provides that "[a] 1-year period of limitation shall apply to an application for a writ of habeas corpus by a person in custody pursuant to the judgment of a State court," *id.* § 2244(d)(1), and it places a limit on "second or successive" § 2254 petitions, *see id.* § 2244(b). Perhaps most significantly, the Antiterrorism and Effective Death Penalty Act of 1996 (AEDPA), provides that "[a]n application for a writ of habeas corpus on behalf of a person in custody pursuant to the judgment of a State court" may not be granted unless the state court's adjudication of that claim "resulted in a decision that was contrary to, or involved an unreasonable application of," Supreme Court precedent or "resulted in a decision that was based on an unreasonable determination of the facts." *Id.* § 2254(d).

Congress placed these additional limits on petitions under § 2254 because a state court judgment "carries a heightened presumption of legitimacy." Johnson, *supra*, at 171–72. Because a state court judgment "is presumptively legitimate,"

---

[9] Even in cases brought under § 2241, exhaustion is required. *See Laing v. Ashcroft*, 370 F.3d 994, 997 (9th Cir. 2004). This exhaustion requirement, however, is judicially created, not statutory.

moreover, so too is custody attributable to that judgment. *See id.* at 172. Congress therefore concluded "it was acceptable to place obstacles in the paths of prisoners" who are challenging custody attributable to a state court judgment. *See id.*

Because § 2254 limits the general grant of habeas relief under § 2241, it "is the exclusive vehicle for a habeas petition by a state prisoner in custody pursuant to a state court judgment, even when the petitioner is not challenging his underlying state court conviction." *White*, 370 F.3d at 1009–10. "By contrast, the general grant of habeas authority in § 2241 is available for challenges by a state prisoner who is not in custody pursuant to a state court judgment – for example, a defendant in pre-trial detention or awaiting extradition." *Id.* at 1006.[10]

Here, Dominguez properly brought his double jeopardy claim under § 2254 when he filed his petition. At that time, he was in custody pursuant to a state court judgment and was challenging his custody attributable to that judgment. We are persuaded, however, that Dominguez is no longer required to proceed under § 2254. We reach this conclusion for two independent yet related reasons.

First, as noted, a petitioner who is "in custody pursuant to the judgment of a State court" is subject to additional limitations because the judgment, and the custody attributable to that judgment, carry a heightened presumption of legitimacy. Here, Dominguez's judgment has been vacated.

---

[10] A pretrial double jeopardy challenge, for instance, "is properly brought under § 2241." *Stow v. Murashige*, 389 F.3d 880, 886 (9th Cir. 2004).

He is not in custody pursuant to a judgment of a state court. He is a pretrial detainee, and his detention bears no presumption of validity. He should, therefore, be placed on an equal footing with other pretrial detainees, who may avail themselves of habeas relief under § 2241(a) and (c)(3) without regard to the additional requirements imposed on petitions under § 2254. *See Stow*, 389 F.3d at 888.

Second, § 2254 applies to prisoners challenging "custody *pursuant to the judgment of a State court*," and Dominguez is no longer challenging such a judgment; he is now a pretrial detainee.

Section 2254(a) "deploys the term 'in custody' twice." *Bailey v. Hill*, 599 F.3d 976, 978 (9th Cir. 2010). It states that "a district court shall entertain an application for a writ of habeas corpus in behalf of a person [1] *in custody* pursuant to the judgment of a State court only on the ground that he is [2] *in custody* in violation of the Constitution or laws or treaties of the United States." 28 U.S.C. § 2254(a) (emphasis added).

As to the first use of the word custody, we have held that a person is "in custody pursuant to the judgment of a State court" when "the source of the petitioner's custody" is a state court judgment – i.e., when "'the prisoner's custody is attributable, at least in part,'" to such a judgment. *White*, 370 F.3d at 1007–08 (quoting Johnson, *supra*, at 162).

With respect to the second use of the word custody, we have not yet addressed whether it too must be "pursuant to the judgment of a State court" – i.e., whether there must be a nexus between "the judgment of a State court" and the "custody" the petitioner contends is "in violation of the

Constitution or laws or treaties of the United States."
Rulemakers, courts and commentators, however, have all
assumed that this nexus is required.

The Rules Governing 2254 Cases, for example, state:

> These rules govern a petition for a writ of
> habeas corpus filed in a United States district
> court under 28 U.S.C. § 2254 by:

> (1) a person in custody under a state-court
> judgment who seeks a determination that *the*
> custody violates the Constitution, laws, or
> treaties of the United States; and

> (2) a person in custody under a state-court or
> federal-court judgment who seeks a
> determination that future *custody under a*
> *state-court judgment* would violate the
> Constitution, laws, or treaties of the United
> States.

Rule 1, Rules Governing Section 2254 Cases in the United
States District Courts, 28 U.S.C.A. foll. § 2254 (emphasis
added). A leading habeas treatise likewise states:

> To invoke habeas corpus review by a federal
> court, the petitioner must satisfy two
> jurisdictional requirements – (1) the status
> requirement that the petition be "in behalf of
> a person in custody pursuant to the judgment
> of a State court"; and (2) the substance
> requirement that the petition challenge the
> legality of *that* custody on the ground that it is

"in violation of the Constitution or laws or treaties of the United States."

1 Hertz & Liebman, *supra*, § 8.1 (footnote omitted) (emphasis added). As the Seventh Circuit noted in *Walker v. O'Brien*, 216 F.3d 626 (7th Cir. 2000), "§ 2254 [is] the exclusive vehicle for prisoners in custody pursuant to a state court judgment who wish to challenge anything affecting *that* custody." *Id.* at 633 (emphasis added).

In light of the language, history and purpose of § 2254, we conclude § 2254 requires a nexus between "the judgment of a State court" and the "custody" the petitioner contends is "in violation of the Constitution or laws or treaties of the United States." The custody the petitioner challenges must be "attributable, at least in part, to a judgment of a State court." *White*, 370 F.3d at 1007–08 (quoting Johnson, *supra*, at 162).

This does not mean that a § 2254 petition must present a challenge *to* the underlying state court judgment. "[T]he essence of habeas corpus is an attack by a person in custody upon the legality of that custody," *Preiser v. Rodriguez*, 411 U.S. 475, 484 (1973), not necessarily a challenge to a judgment. Section 2254, therefore, applies not only to challenges to a conviction or sentence but also to challenges to the "execution of a custodial sentence." *Bailey*, 599 F.3d at 982; *see, e.g.*, *Preiser*, 411 U.S. at 476–77 (§ 2254 challenge to the loss of good-time credits); *Spencer*, 523 U.S. at 7 (§ 2254 challenge to the revocation of parole); *White*, 370 F.3d at 1005 (§ 2254 challenge to an administrative decision transferring the petitioner from one prison to another). What matters is that the custody complained of is attributable in some way to the underlying state court judgment.

Here, there is no nexus between Dominguez's now vacated judgment and the custody he contends violates the Double Jeopardy Clause. Because his pretrial detention is not attributable in any way to a state court judgment, his double jeopardy claim does not fall under § 2254.[11]

In sum, we hold Dominguez is no longer required to proceed under § 2254. He is no longer "in custody pursuant to the judgment of a State court," and the custody he is challenging is not attributable in any way to a state court judgment. Dominguez, therefore, is free to proceed under § 2241(a) and (c)(3), without satisfying the additional requirements applicable to § 2254 petitions.

---

[11] We recognize the Supreme Court has held that the "in custody" requirement of § 2254(a) must be satisfied only at the time the petition is filed. *See Spencer*, 523 U.S. at 7 ("Spencer was incarcerated by reason of the parole revocation at the time the petition was filed, which is all the 'in custody' provision of 28 U.S.C. § 2254 requires."); *Maleng v. Cook*, 490 U.S. 488, 490–91 (1989) (per curiam) ("We have interpreted the statutory language as requiring that the habeas petitioner be 'in custody' under the conviction or sentence under attack at the time his petition is filed."); *Carafas*, 391 U.S. at 238 ("[W]e conclude that under the statutory scheme, once the federal jurisdiction has attached in the District Court, it is not defeated by the release of the petitioner prior to completion of proceedings on such application."). These cases, however, stand for the limited proposition that, when a petitioner is in custody at the time the petition is filed, "the federal court may pass on the merits of the petition even though the prisoner is unconditionally released before the petition is acted upon, provided that the petitioner still suffers collateral consequences from the conviction." 17B Charles Alan Wright & Arthur R. Miller, *Federal Practice and Procedure* § 4262 (3d ed. 2018). We are not aware of any authority suggesting that a petitioner must continue to proceed under § 2254, rather than § 2241, when the custody he currently is challenging is not attributable in any way to a judgment, and hence bears no presumption of legitimacy.

## C.  Dominguez's Petition May Be Converted to § 2241

Dominguez, moreover, is not required to dismiss his § 2254 petition and file a new petition under § 2241.

Courts and commentators have recognized that, "[i]f the petition is filed by a pre-trial detainee under § 2241 who is subsequently convicted, the federal court may convert the § 2241 petition to a § 2254 petition."  Means, *Postconviction Remedies*, *supra*, § 5:2 (citing *Yellowbear v. Wyoming Att'y Gen.*, 525 F.3d 921, 924 (10th Cir. 2008); *Jackson v. Coalter*, 337 F.3d 74, 79 (1st Cir. 2003)).  We now hold that the same rationale applies where, as here, the opposite situation arises.  Where a petition is filed by a post-conviction detainee under § 2254 and the conviction subsequently is vacated, the federal court has the authority – at the petitioner's request or with the petitioner's consent – to convert the § 2254 petition to a § 2241 petition.  *Cf. Stow*, 389 F.3d at 885 (holding the petitioner's pretrial double jeopardy challenge, filed under § 2254, should be treated as a petition under § 2241).

## D.  Remaining Issues

The district court cited two additional potential obstacles to Dominguez's double jeopardy claim: (1) whether Dominguez has adequately exhausted the claim; and (2) whether the Double Jeopardy Clause bars his prosecution on a charge of conspiracy to commit murder when his previous acquittal applied, if at all, solely to the charge of murder.  As the district court noted, these additional issues were not adequately developed, and the district court did not reach them.  We leave them for the district court to address in the first instance.

## CONCLUSION

We hold Dominguez's federal habeas petition continues to present a live controversy challenging his ongoing second prosecution as a violation of the Double Jeopardy Clause. We further hold Dominguez is no longer required to proceed under § 2254. Finally, we hold a district court has the authority to convert a § 2254 petition into a § 2241 petition where the petitioner's circumstances change during the pendency of the proceedings. We vacate the judgment of the district court and remand for proceedings consistent with this opinion.

Because Dominguez's detention is no longer attributable to a state court judgment, proceeding under § 2254 is no longer appropriate. On remand, the district court shall, either upon Dominguez's request or at the court's initiation but with Dominguez's consent, convert the petition to one arising under § 2241. If Dominguez elects not to convert the petition, the district court shall dismiss the petition without prejudice.

Costs of appeal are awarded to Dominguez.

**VACATED AND REMANDED.**