**NOT FOR PUBLICATION**

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

RALPH HERNANDEZ,

        Petitioner-Appellant,

  v.

CHRIS LYOU, Superintendent III;
STATE OF ALASKA, DEPARTMENT
OF CORRECTIONS,

        Respondents-Appellees.

No.    19-35800

D.C. No.
3:17-cv-00199-TMB-MMS

MEMORANDUM[*]

Appeal from the United States District Court
for the District of Alaska
Timothy M. Burgess, Chief District Judge, Presiding

Submitted August 11, 2020[**]
Anchorage, Alaska

Before: RAWLINSON, MURGUIA, and R. NELSON, Circuit Judges.

    Ralph Hernandez (Hernandez) appeals the district court's order dismissing

his habeas petition predicated on a violation of his constitutional right to a speedy

---

    [*]    This disposition is not appropriate for publication and is not precedent except as provided by Ninth Circuit Rule 36-3.

    [**]    The panel unanimously concludes this case is suitable for decision without oral argument. *See* Fed. R. App. P. 34(a)(2).

trial. We have jurisdiction under 28 U.S.C. § 1291. Reviewing *de novo*, we affirm. *See Wilson v. Belleque*, 554 F.3d 816, 828 (9th Cir. 2009).

A certificate of appealability (COA) is required to appeal the denial of a habeas petition. *See* 28 U.S.C. § 2253(c)(1). We may issue a COA on appeal when "jurists of reason would find it debatable whether the petition states a valid claim of the denial of a constitutional right." *Wilson*, 554 F.3d at 826 (quoting *Slack v. McDaniel*, 529 U.S. 473, 479 (2000). Reasonable jurists could debate whether Hernandez's Sixth Amendment right to a speedy trial was violated. *See McNeely v. Blanas*, 336 F.3d 822, 826 (9th Cir. 2003) (noting that a three-year delay in commencing trial triggered a presumption of prejudice and application of the factors articulated by the Supreme Court in *Barker v. Wingo*, 407 U.S. 514 (1972)). The seven-year delay in this case easily meets the threshold for issuance of a COA. *See Wilson*, 554 F.3d at 826 (observing that "the standard for obtaining a COA is not a particularly exacting one"). Therefore, we issue a COA on the issue of whether Hernandez was denied his Sixth Amendment right to a speedy trial.

The district court did not err in dismissing the habeas petition for failure to exhaust the speedy trial claim. *See Washington v. Lampert*, 422 F.3d 864, 871 (9th Cir. 2005) ("Before a federal court may grant habeas relief to a state prisoner, the

prisoner must exhaust his remedies in state court by giving the state court an opportunity to correct the alleged constitutional violation. . . .") (citations omitted).[2] Hernandez does not contend that he exhausted the remedies available under state law. Rather, he maintains without any justification that he should be excused from the exhaustion requirement. That argument is unavailing. *See Smith v. Baker*, 960 F.3d 522, 532 (9th Cir. 2020) (requiring a showing of cause to excuse procedural default).

**AFFIRMED**.[3]

---

[2] As Hernandez was convicted during the pendency of his petition brought under 28 U.S.C. § 2241, the petition was converted to one under 28 U.S.C. § 2254, thereby triggering the exhaustion requirement. *See Dominguez v. Kernan*, 906 F.3d 1127, 1137 (9th Cir. 2018).

[3] In view of our affirmance of the district court's decision on the exhaustion issue, we need not and do not address the abstention issue. *See McMurtrey v. Ryan*, 539 F.3d 1112, 1132 (9th Cir. 2008).