NOT FOR PUBLICATION

**FILED**

UNITED STATES COURT OF APPEALS

FEB 2 2022

FOR THE NINTH CIRCUIT

MOLLY C. DWYER, CLERK
U.S. COURT OF APPEALS

| | |
|---|---|
| JULIUS BRADFORD,<br><br>        Petitioner-Appellee,<br><br>  v.<br><br>CALVIN JOHNSON; ATTORNEY<br>GENERAL FOR THE STATE OF<br>NEVADA,<br><br>        Respondents-Appellants. | No.   21-16279<br><br>D.C. No.<br>2:13-cv-01784-RFB-EJY<br><br><br>MEMORANDUM* |
| JULIUS BRADFORD,<br><br>        Petitioner-Appellant,<br><br>  v.<br><br>CALVIN JOHNSON; ATTORNEY<br>GENERAL FOR THE STATE OF<br>NEVADA,<br><br>        Respondents-Appellees. | No.   21-16373<br><br>D.C. No.<br>2:13-cv-01784-RFB-EJY |

Appeal from the United States District Court
for the District of Nevada
Richard F. Boulware II, District Judge, Presiding

Argued and Submitted January 14, 2022

---

    *    This disposition is not appropriate for publication and is not precedent
except as provided by Ninth Circuit Rule 36-3.

San Francisco, California

Before: GOULD, NGUYEN, and BENNETT, Circuit Judges.

Julius Bradford, a Nevada prisoner, filed a federal habeas petition alleging seventeen claims. "Ground 2" alleged that even though his trial counsel in the "Zambrano-Lopez case" had advised him to accept the State's plea offer, trial counsel rendered ineffective assistance by failing to advise him that he could face the death penalty in the "Limongello case" if he rejected the plea offer.[1] The State appeals from the district court's order granting habeas relief on Ground 2, and Bradford appeals from the district court's order denying as moot the remaining claims in his petition.

We have jurisdiction under 28 U.S.C. §§ 1291 and 2253. In No. 21-16279, we hold that the district court had jurisdiction over Ground 2 under 28 U.S.C. § 2254(a), but we reverse the grant of habeas relief on Ground 2. In No. 21-16373, we reverse the district court's order denying as moot the remaining claims in Bradford's petition and remand for the district court to consider the merits of the remaining claims. Because the parties are familiar with the facts, we do not recount them here, except as necessary to provide context to our rulings.

---

[1] The "Zambrano-Lopez case" refers to the state case in which Bradford is now serving a 40 years to life sentence for murdering Benito Zambrano-Lopez. The "Limongello case" refers to the pending state case against Bradford, in which he has been charged with murdering Anthony Limongello. The plea offer would have resolved both cases.

1.     The jurisdictional requirements under § 2254(a) are (1) the petitioner is "in custody pursuant to the judgment of a State court," and (2) the petition challenges that custody "only on the ground that [the petitioner] is in custody in violation of the Constitution or laws or treaties of the United States."  28 U.S.C. § 2254(a); *see also Dominguez v. Kernan*, 906 F.3d 1127, 1136 (9th Cir. 2018). Under the second requirement, there must also be "a nexus between the petitioner's claim and the unlawful nature of the custody."  *Bailey v. Hill*, 599 F.3d 976, 980 (9th Cir. 2010).  These jurisdictional requirements have been met as to Ground 2. First, Bradford is in custody pursuant to the state court judgment entered in the Zambrano-Lopez case.  Second, Ground 2 challenges that custody by alleging that Bradford would have accepted the plea offer, which would have altered his custody in the Zambrano-Lopez case.  Under the plea offer, Bradford would have received a lower prison sentence in the Zambrano-Lopez case.  Finally, Ground 2 alleges that but for trial counsel's ineffectiveness, Bradford would have received a lower prison sentence in the Zambrano-Lopez case and would have pleaded guilty to second-degree murder instead of being convicted of first-degree murder.  Thus, there is a nexus between Ground 2 and Bradford's custody in the Zambrano-Lopez case.

2.     Ground 2 is subject to procedural default, as Bradford raised it for the first time in his third state habeas petition and the state courts ruled that it was

procedurally barred. The district court determined that the procedural default was excused under *Martinez v. Ryan*, 566 U.S. 1 (2012), and granted habeas relief on Ground 2.

Under *Martinez*, Bradford must show, among other things, prejudice—that there is "a reasonable probability that the trial-level [ineffective assistance of counsel claim, i.e., Ground 2,] would have succeeded had it been raised" by his post-conviction counsel.[2] *Runningeagle v. Ryan*, 825 F.3d 970, 982 (9th Cir. 2016). Thus, he must show that his trial counsel performed deficiently, and that he was prejudiced by trial counsel's deficient performance under the standards of *Strickland v. Washington*, 466 U.S. 668 (1984). *See Runningeagle*, 825 F.3d at 982, 984–88. To satisfy *Strickland*'s prejudice prong, Bradford "must show the outcome of the plea process would have been different with competent advice." *Lafler v. Cooper*, 566 U.S. 156, 163 (2012). This means that he must show, among other things, a reasonable probability that he would have accepted the plea offer had his counsel provided competent advice. *See id.* at 164, 171.[3]

The district court found that Bradford would have accepted the plea offer

---

[2] Because we hold that Bradford was not prejudiced by his post-conviction counsel's failure to raise Ground 2, we need not and do not decide whether Bradford's post-conviction counsel was deficient in failing to raise Ground 2. *See Runningeagle v. Ryan*, 825 F.3d 970, 982 (9th Cir. 2016) (showing of deficient performance by post-conviction counsel is also required under *Martinez*).
[3] We assume arguendo that Bradford's trial counsel was deficient under *Strickland*.

had his counsel advised him that the State could seek the death penalty in the Limongello case. This finding appears to have been based solely on Bradford's testimony at the evidentiary hearing before the district court. Such self-serving statements, however, are insufficient on their own. *See Turner v. Calderon*, 281 F.3d 851, 881 (9th Cir. 2002) ("Turner's self-serving statement, made years later, that [his counsel] told him that 'this was not a death penalty case' is insufficient to establish that Turner was unaware of the potential of a death verdict. If the rule were otherwise, every rejection of a plea offer, viewed perhaps with more clarity in the light of an unfavorable verdict, could be relitigated upon the defendant's later claim that had his counsel better advised him, he would have accepted the plea offer." (citations omitted)). Further, based on our review of the entire record, we are "left with the definite and firm conviction that a mistake has been committed." *United States v. U.S. Gypsum Co.*, 333 U.S. 364, 395 (1948).

Objective record evidence contradicts Bradford's after-the-fact testimony. At a preliminary hearing in the Zambrano-Lopez case (before the State made the plea offer), the prosecutor stated *in Bradford's presence* that the State intended to charge him with murdering Limongello and that the death penalty was possible in that case. In addition, Bradford's testimony was internally inconsistent. He testified that he did not know that the maximum penalty in the Limongello case could be death. But he also testified that he knew that the State suspected him of

5

murdering Limongello, and when the State made the plea offer, he generally knew that death was a possible penalty for murder. Indeed, he testified that he "gr[e]w up knowing that [murder is] pretty much the only thing you get the death penalty for." Thus, Bradford knew that a death sentence was possible in the Limongello case.

The objective evidence and Bradford's own testimony show that the very information that Bradford now claims would have made a difference—that he could face the death penalty in the Limongello case—made no difference. When the plea offer was made, Bradford knew that he could face the death penalty in the Limongello case, yet he chose to reject the plea offer his counsel urged him to accept. In other words, given what Bradford knew when the State made the plea offer, his after-the-fact assertion that he would have accepted it but for his counsel's deficient performance is implausible. *See Jones v. Wood*, 114 F.3d 1002, 1012 (9th Cir. 1997) ("Jones's contention that he would have 'cut his losses' and accepted the plea offer if he believed it was open to him, is implausible in light of what Jones knew at the time the offer was made."). The district court clearly erred in reaching a contrary finding.[4] *See Anderson v. City of Bessemer City*, 470 U.S. 564, 575 (1985).

---

[4] The district court made no attempt to reconcile Bradford's self-serving statement with his contradictory testimony or the conflicting objective evidence.

Because the evidence fails to show that Bradford would have accepted the plea offer had his counsel provided competent advice, there is no reasonable probability that Ground 2 would have succeeded had it been raised by his post-conviction counsel. Bradford has thus failed to show that Ground 2 is excused from procedural default under *Martinez*. We therefore reverse the district court's grant of relief on Ground 2.[5]

3.     Bradford and the State agree that the district court erred in denying as moot the remaining claims in his petition. We agree and remand those claims for the district court's consideration.

**No. 21-16279: REVERSED.**

**No. 21-16373: REVERSED and REMANDED.**

---

[5] Given our disposition, we need not and do not reach whether the district court imposed an inappropriate remedy by ordering the State to remake the plea offer.