**NOT FOR PUBLICATION**

**FILED**

NOV 3 2023

MOLLY C. DWYER, CLERK
U.S. COURT OF APPEALS

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

| | |
|---|---|
| LANCE ELLIOT WILLIAMS, | No.   21-56234 |
| Petitioner-Appellant, | D.C. No. 2:20-cv-10304-PA-KK |
| v. | |
| TRACY JOHNSON, Acting Warden; DANNY SAMUEL; L. BIRD, | MEMORANDUM[*] |
| Respondents-Appellees. | |

Appeal from the United States District Court
for the Central District of California
Percy Anderson, District Judge, Presiding

Argued and Submitted October 16, 2023
Pasadena, California

Before:  PAEZ and H.A. THOMAS, Circuit Judges, and RAKOFF,[**] District Judge.

Lance Williams, a former California state prisoner, appeals the district court's denial of his 28 U.S.C. § 2254 habeas petition. We have jurisdiction under 28 U.S.C. §§ 1291 and 2253. Our review of Williams' petition is governed by the

---

[*]  This disposition is not appropriate for publication and is not precedent except as provided by Ninth Circuit Rule 36-3.

[**]  The Honorable Jed S. Rakoff, United States District Judge for the Southern District of New York, sitting by designation.

Antiterrorism and Effective Death Penalty Act ("AEDPA"). *See* 28 U.S.C. § 2254(d). Under AEDPA, we may grant habeas relief only if the state court's adjudication of the merits of Williams' claims was either (1) "contrary to, or involved an unreasonable application of, clearly established Federal law, as determined by the Supreme Court of the United States," or (2) "based on an unreasonable determination of the facts in light of the evidence presented in the State court proceeding." *Id.* at (1)–(2). We review *de novo* a district court's denial of a habeas petition. *Dickey v. Davis*, 69 F.4th 624, 635 (9th Cir. 2023). We affirm.

1. Respondents-Appellees argue that Williams' appeal is moot because he was released from prison. To maintain a suit after an individual's sentence has expired, that individual must show "some concrete and continuing injury other than the now-ended incarceration or parole—some 'collateral consequence' of the conviction[.]" *Spencer v. Kemna*, 523 U.S. 1, 7 (1998). By default, every individual in the custody of the California Department of Corrections and Rehabilitation ("CDCR") during the COVID-19 pandemic received 12 weeks of Positive Programming Credits ("PPC credits"). Those found guilty of a serious Rules Violation Report ("RVR"), however, were excluded from receiving those credits.

But for Williams' serious RVR, he would have received the PPC credits and been paroled 12 weeks earlier. *See* Cal. Code Regs., tit. 15, § 3043.6(b) ("The

award of [PPC credits] shall advance the inmate's release date if sentenced to a determinate term[.]"). With those credits properly applied, Williams' current parole term would end no later than March 2025 instead of June 2025. Respondents-Appellees' argument regarding whether CDCR can apply the PPC credits to Williams' parole term is unavailing because, "[o]nce the petitioner sustains his burden of demonstrating entitlement to federal habeas relief, the district court has wide discretion in choosing the appropriate remedy." *Dominguez v. Kernan*, 906 F.3d 1127, 1132 n.6 (9th Cir. 2018) (quoting Brian R. Means, *Federal Habeas Manual* § 13:5 (2018)). Because the latest date at which Williams' parole term will end is a collateral consequence of Williams' disciplinary violation, Williams' appeal is not moot.

2. Respondents-Appellees also argue that Williams failed to properly invoke federal habeas jurisdiction. "[H]abeas relief is available only for state prisoner claims that lie at the core of habeas[,]" and "an action pursuant to 42 U.S.C. § 1983 'is the exclusive vehicle for claims that are not within the core of habeas.'" *Bean v. Matteucci*, 986 F.3d 1128, 1132 (9th Cir. 2021) (quoting *Nettles v. Grounds*, 830 F.3d 922, 930–31 (9th Cir. 2016) (en banc)). A claim falls outside the core of habeas if "the invalidity of the disciplinary proceedings, and therefore the restoration of good-time credits, would not necessarily affect the length of time to be served[.]" *Nettles*, 830 F.3d at 929. Here, reversal of Williams' disciplinary

3

violation and restoration of the PPC credits would have caused Williams to be released to parole 12 weeks earlier. Williams' claims therefore lie at the "core of habeas corpus," and he properly invoked federal habeas jurisdiction.

3. Williams argues that the state court unreasonably applied *Turner v. Safley*, 482 U.S. 78 (1987), in finding that Section 3013 as applied to Williams did not violate his First Amendment rights.[1] After a correctional officer refused to add Williams' name back onto a phone call sign-up list, Williams told the officer: "Well, you already know that I'm going to 602 you."[2] "[P]risoners retain the constitutional right to petition the government for the redress of grievances." *Turner*, 482 U.S. at 84. In *Turner*, the Supreme Court held that "when a prison regulation impinges on inmates' constitutional rights, the regulation is valid if it is reasonably related to legitimate penological interests." *Id.* at 89. But we have acknowledged in the Section 1983 context that "there is no Supreme Court case directly on point" concerning verbal threats to sue. *Entler v. Gregoire*, 872 F.3d 1031, 1041 (9th Cir. 2017). Additionally, in habeas, circuit precedent may not be

---

[1] Section 3013, which is titled "Unlawful Influence," states: "Inmates shall not attempt to gain special consideration or favor from other inmates, employees, institution visitors or any other person by the use of bribery, threat or other unlawful means." Cal. Code Regs., tit. 15, § 3013.

[2] A "602" refers to CDCR Form 602-1, which is an administrative grievance form that people in custody fill out "to dispute a policy, decision, action, condition, or omission by the department or departmental staff." Cal. Code Regs., tit. 15, § 3481.

used "to refine or sharpen a general principle of Supreme Court jurisprudence into a specific legal rule that [the Supreme] Court has not announced." *Marshall v. Rodgers*, 569 U.S. 58, 64 (2013).

Williams also argues that Section 3013 did not give him fair notice that his statement constituted a threat. We have previously assumed without deciding that the void-for-vagueness doctrine applied to a prison administrative regulation. *Castro v. Terhune*, 712 F.3d 1304, 1310 (9th Cir. 2013). But no Supreme Court decision has applied the void-for-vagueness doctrine to any prison administrative regulation.

In the absence of clearly established federal law regarding verbal threats to sue or the void-for-vagueness doctrine in the prison regulation context, the state court's adjudication of Williams' claims was neither contrary to, nor did it involve an unreasonable application of, clearly established federal law.

4. Williams argues that by denying him an evidentiary hearing and instead relying only on the administrative record, the state court's decision was based on an unreasonable determination of the facts. *See* 28 U.S.C. § 2254(d)(2). Williams "does not point to any material fact that the court failed to consider," however. *DeWeaver v. Runnels*, 556 F.3d 995, 1007 (9th Cir. 2009). The state court relied on evidence from the RVR and the disciplinary hearing. During the disciplinary hearing, Williams testified that he would have said nothing and walked away if the

5

correctional officer had placed Williams' name back on the list. The correctional officer also testified that Williams had threatened to "602" him multiple times in the past. We "may not second-guess a state court's fact-finding process unless, after review of the state-court record," we determine "that the state court was not merely wrong, but actually unreasonable." *Taylor v. Maddox*, 366 F.3d 992, 999 (9th Cir. 2004), *abrogated on other grounds by Murray v. Schriro*, 745 F.3d 984 (9th Cir. 2014). Given the evidence presented, fair-minded jurists could disagree about whether the state court's determination of the facts was reasonable.

5. Williams requests that we expand the scope of his certificate of appealability ("COA") to include his retaliation claim. Under AEDPA, a COA cannot be issued or expanded unless "the applicant has made a substantial showing of the denial of a constitutional right." 28 U.S.C. § 2253(c)(2). Williams relies on the same arguments made in his as-applied First Amendment claim to satisfy the "protected conduct" requirement of his retaliation claim. In the absence of clearly established federal law, Williams' retaliation claim fails for the same reasons as his as-applied First Amendment claim. Williams therefore cannot make a substantial showing of the denial of a constitutional right.

**AFFIRMED.**